[No. 11210. Department One. — May 7, 1888.]

PHILIP TUGGLE, RESPONDENT, *v*. B. B. MINOR, APPELLANT.

STATED ACCOUNT — AGREEMENT AS TO PARTICULAR ITEMS — FUTURE ADJUSTMENT. — When all of the items of an account are admitted to be correct, except particular ones which are left by the parties for future adjustment, the account becomes stated as to those items which are admitted to be correct.

ID. — DEBT PAYABLE ON CONTINGENCY. — An account cannot be stated with reference to a debt payable on a contingency.

ID. — PROMISE TO SETTLE. — The meaning of the word "settle," as used in a promise by a debtor to settle an account, is a question of fact to be determined by the circumstances.

ID. — RENEWAL OF PROMISE TO PAY — INDORSEMENT ON ACCOUNT — STATUTE OF LIMITATIONS. — On the 6th of October, 1879, the plaintiff, a creditor of the defendant, presented to him an account containing several items, one of which was indorsed as subject "to be investigated as to amount." On the same day the defendant made and signed a written indorsement on the account as follows: "On my return from New York I will settle the above account with P. Tuggle personally." On the 4th of October, 1881, he made and signed a second indorsement as follows: "This agreement renewed this day." *Held*, that the first indorsement was an absolute agreement to pay the undisputed items of the account, and that by the second indorsement the agreement to pay was renewed in terms sufficient to take the account out of the operation of the statute of limitations.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The action was brought on an account stated. Judgment was rendered in favor of the plaintiff for the entire account, including the item marked as subject to investigation. From this judgment, and an order refusing him a new trial, the defendant appealed. The further facts are stated in the opinion of the court.

*B. McKinne,* for Appellant.

*J. P. Meux,* and *P. D. Wigginton,* for Respondent.

When all of the items of the account are admitted to be correct except certain ones which are left by the parties for future adjustment, it becomes an account stated as to those admitted to be correct. (2 Chitty on Contracts, 11th Am. ed., 962–966; 2 Greenl. Ev., secs. 126, 127; *Clark* v. *Glennie,* 3 Stark. 10; *Chisman* v. *Count,* 2 Man. & G. 307; 2 Scott N. R. 567; *Rigby* v. *Jeffreys,* 7 Dowl. 561; *Wiggins* v. *Burkham,* 10 Wall. 129; *Terry* v. *Sickles,* 13 Cal. 430; *Wiley* v. *Brigham,* 16 Hun, 106; *Highmore* v. *Primrose,* 5 Moore & S. 65; *Lane* v. *Hill,* 83 Eng. Com. L., 18 Q. B. 252.) If the parties afterwards, either before or after suit brought upon the account, agree upon the correctness of the items left for adjustment, or they are investigated and found to be correct as rendered in the account, then it becomes an account stated as to these items also, and an action will lie upon the whole account as an account stated. (*Powell* v. *Pacific R. R.,* 65 Mo. 658; *Chisman* v. *Count,* 2 Man. & G. 307; 2 Scott N. R. 567; *Allen* v. *Cook,* 2 Dowl. P. C. 546; *Clark* v. *Glennie,* 3 Stark. 10; 2 Greenl. Ev., sec. 128; *Johns* v. *Lentz,* 63 Pa. St. 324; *Powell* v. *Noye,* 23 Barb. 184.) The word "settle," as used by parties to a contract or dealing with one another, may mean one thing under certain circumstances, and another under different circumstances. (1 Smith's Lead. Cas., 6th Am. ed., 871, 872; *Smith* v. *Leeper,* 10 Ired. 86; *Aylett's Ex'r* v. *Robinson,* 9 Leigh, 45; *Clark* v. *Glennie,* 3 Stark. 10; *Blake* v. *Parleman,* 13 Vt.

574; *Auzèrais* v. *Naglee*, 74 Cal. 60.)   As applied to a note or an account stated, it always means, and must necessarily mean, pay; as applied to an unadjusted account or unascertained amount, it may mean adjustment, according to the meaning the parties intended to attach to it.   (1 Smith's Lead. Cas., 6th Am. ed., 871, 872; *Smith* v. *Leeper*, 10 Ired. 86; *Harwell* v. *McCullock*, 2 Over. 275; *Aylett's Ex'r* v. *Robinson*, 9 Leigh, 45; *Barnard* v. *Bartholomew*, 22 Pick. 291; *Clark* v. *Glennie*, 3 Stark. 10; *Crooks* v. *Chesley*, 4 Gill, 205; *Chapin* v. *Warden*, 15 Vt. 560; *Auzerais* v. *Naglee*, 74 Cal. 60.)

PATERSON, J.— On the sixth day of October, 1879, the defendant rendered to the plaintiff an account made out entirely in his own handwriting, showing a balance of $13,371.70 due from the defendant to the plaintiff.   The following is a copy of the account so presented, with the memorandum afterwards written on it, October 4, 1881:—

### EXHIBIT A.
#### (Copy of Account.)

Sales of Summit:—
Gave away 2,410 shares.
Sold          2,590 shares....................$2,938 65
              ─────────
              5,000 shares.

Sales of Bechtel:—
Gave away 250 shares.
Sold          4,750 shares ....................27,910 00
              ─────────
              5,000 shares.

Tioga stock:—
Gave away 166⅔ shares.
Sold          1,833⅓ shares.... ....... ....... 5,176 75
              ─────────                      ─────────
              2,000                          $36,025 40

Total realized....................... .....$36,025 40

One half is............................$18,012 70
Less paid............................  5,000 00
                                      _____
                                      $13,012 70

Advanced:—
Bechtel Asst...........$1,500
  Less —
Cash...........$683                This last item
One half of Bodie.  458— 1,141    to be investigated as to
                        _____      amount.
                        $359

On my return from New York I will settle the above account with P. Tuggle personally.     B. B. MINOR.
  October 6, 1879.
  October 4, 1881.  This agreement renewed this day.
                                      B. B. MINOR.

The court found that the account as presented was on the 6th of October examined by the plaintiff and defendant, and thereafter, and before the commencement of this action, the account as stated was accepted and agreed to by both parties; that on the same day, by an indorsement on the account, the defendant agreed to pay said account as so stated, and renewed the agreement on the 4th of October, 1881, in writing.

The account and the indorsement thereon show quite clearly that the items were all agreed to as correct, excepting the last item, and the testimony makes it clear that such is the fact.  The plaintiff testified that on the 3d of October, 1881, he went to the defendant's office and asked him what he was going to do about paying; that he, defendant, spoke of his prospects, and said he would pay in a very short time,—within a month, he thought, the whole of it; that on the 4th of October, 1881, he carried the account back to the defendant and requested him, for fear that it might be barred by the statute of limitations, to renew it; that thereupon the defendant wrote the second indorsement found upon the statement; and that when the account was presented plaintiff and

defendant looked over it and agreed upon the amount, $13,012.70, as being correct.

The defendant testified that he gave the plaintiff the paper referred to; that he told plaintiff he would settle with him personally on his return from New York, the understanding being that the settlement was contingent upon the success of the defendant in the East; that the payment was to be made only if he (defendant) made any money out of the Bodie lawsuit; that the suit was decided adversely to defendant in November, 1881; that the plaintiff kept calling upon him for the money, and defendant told him he must wait till "this Bodie business was wound up"; and nothing was said to him about the correction of this last item when the agreement was renewed on the 4th of October, because the settlement was understood to be conditioned upon success in the litigation referred to.

J. P. Meux testified on behalf of the plaintiff that he called upon the defendant in New York on the 27th of March, 1880; that the defendant stated he had had a settlement with the plaintiff of their accounts; took the account in his hands, looked at it, and stated that it showed what he owed the plaintiff; that he hoped to consummate the sale of a mine within a day or so, and pay up.

It is claimed on behalf of the appellant that the account was stated on the sixth day of October, 1879, for the whole amount alleged in the complaint to be due, and "if any one of the claims of undefined amount is to be omitted, the statement of the account is disproved, and action founded upon such statement of account fails." But it has been held that when all of the items of an account are admitted to be correct, except particular ones which are left by the parties for future adjustment, the account becomes stated as to those items which are admitted to be correct. (*Wiggins* v. *Burkham*, 10 Wall. 129; 2 Greenl. Ev., sec. 126; approved in *Terry* v. *Sickles*, 13 Cal. 430.)

Of course an account cannot be stated with reference to a debt payable on a contingency. (2 Chitty on Contracts, 11th Am. ed., 962.) The court, however, found that there was no contingency, but an absolute promise to pay. It was for the court, upon all the evidence in the case, to determine the meaning of the word "settle." It is a word which may mean one thing under certain circumstances and another under other circumstances. (*Auzerais* v. *Naglee*, 74 Cal. 60.) These matters were determined in favor of the plaintiff by the court below.

It is further claimed that there is no evidence of a written promise sufficient to take the case out of the statute of limitations; that the account was stated, if at all, on October 6, 1879, and the complaint was not filed till November 28, 1881, more than two years thereafter. Section 360 of the Code of Civil Procedure provides: "No acknowledgment or promise is sufficient evidence of a new or continuing contract by which to take the case out of the operation of this title, unless the same is contained in some writing, signed by the party to be charged thereby." It has been held that an acknowledgment need not be made in express words, but may be implied from any act or statement which necessarily and directly admits or presupposes the existence of the debt, and the obligation to pay it. (1 Smith's Leading Cases, 6th Am. ed., 877); and that "the purpose of section 360 of the Code of Civil Procedure is to establish a rule, not with respect to the character of the promise or acknowledgment from which a promise may be inferred, but with respect to the kind of evidence by which the promise or acknowledgment shall be proved." (*Biddel* v. *Brizzolara*, 56 Cal. 374.) In all cases the question is to be determined from the evidence, and upon all the circumstances surrounding the transaction.

But we think there can be no doubt that by the use of the word "settle" in the first indorsement upon the account, the defendant meant that he would pay the

account, subject to an investigation as to the last item named. It was an absolute agreement to pay at least all of the items except the last. By the second indorsement this agreement to pay was renewed in express terms.

The court found upon all the material issues. It was unnecessary for the court to find further facts upon the defendant's counterclaim, because it is stated in said counterclaim "that the foregoing mutual dealings and accounts are those out of which the alleged account stated, set forth in the complaint, arose."

We see no error in the rulings of the court at the trial.

The last item named in the account is indorsed in writing: "This last item to be investigated as to amount."

As stated above, plaintiff testified that defendant agreed upon the amount of $13,012.70. It does not appear that any investigation was afterwards had in relation to the last item, and we think the evidence insufficient to show any absolute promise on the part of the defendant to pay that portion of the account.

The plaintiff is entitled to recover the sum of $13,012.70, with interest thereon at the rate of seven per cent per annum from the sixth day of October, 1879, and costs of suit.

The cause is remanded to the court below, with directions to modify the judgment accordingly.

McKinstry, J., and Searls, C. J., concurred.