[14719. Department Two.—May 16, 1893.]

ANDREW BAIRD, RESPONDENT, v. J. F. CRANK, AP-
PELLANT.

98  293
110 263

98  293
137 243

ACCOUNT STATED—CONTINGENT DEBT—NUMBER OF DEBTS.—An account stated is an agreed balance of accounts or an account which has been examined and accepted by the parties, and an account cannot be stated with reference to a debt payable upon a contingency; but it is not essential that there should be cross or reciprocal demands between the parties, or that the acknowledgment that a certain sum is due should relate to more than a single debt or transaction.

ID.—DEBT PAYABLE IN FUTURE—AGREEMENT TO PAY UPON SETTLEMENT OF DEBTOR WITH AGENT.—If two parties, having accounts between them, examine the accounts and a balance is struck and agreed upon, and admitted to be due from one to the other, the statement is complete, though the debtor reserves the right to pay the balance at some future day; and the fact that it is agreed that the money is to be paid when the debtor shall settle with an agent does not make the debt payable on a contingency.

ID.—PLEADING—PREMATURE ACTION—MATTER OF DEFENSE.—In an action upon an account stated, where it appeared that the defendant agreed to pay the sum found to be due, when he should make a settlement with his agent, but did not appear whether such settlement had been made before the commencement of the action, the question whether such settlement had been made does not arise where the answer does not set up as a defense that the action was prematurely brought.

ID.—STATUTE OF LIMITATIONS—NEW VERBAL AGREEMENT.—Where an open account is not barred by the statute of limitations at the time of a statement of the account, although the statement is verbal, the statute of limitations begins to run upon the new cause of action thus brought into existence from the date of the settlement and new promise arising thereunder, and an action may be brought thereon within two years after such settlement.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial.

The facts are stated in the opinion.

*W. R. Daingerfield,* and *Thomas V. O'Brien,* for Appellant.

There was no sufficient statement of account between the parties. (*Chace* v. *Trafford,* 116 Mass. 532; Angell on Limitations, sec. 274; *Weatherwax* v. *Cosumnes Co.,* 17 Cal. 345; Wood on Limitations, sec. 280; *Sperry* v. *Moore,* 42 Mich. 353; *Reed* v. *Smith,* 1 Idaho, 533.) Section 360 of the Code of Civil Procedure was passed to prevent evidence of a mere oral revival of a cause of action that would be barred were it not for the alleged revival. (Wood on Limitations, secs. 82, 87, 280; *Bowker* v. *Harris,* 30 Vt. 424.)

*James M. Haven,* and *C. W. Cross,* for Respondent.

The oral agreement as to the account stopped the running of the statute of limitations, which statute thereafter commenced to run from the date of the oral agreement. (*Auzerais* v. *Naglee,* 74 Cal. 60; *Kahn* v. *Edwards,* 75 Cal. 192; *Tuggle* v. *Minor,* 76 Cal. 101.) The agreement was sufficient to render the account an account stated. (Bouvier's Law Dict., "Account Stated"; *Carey* v. *Philadelphia etc. Co.,* 33 Cal. 697; *McLellan* v. *Crofton,* 6 Me. 308; *Bussy* v. *Ganet,* 10 Humph. 238; *Koek* v. *Bonitz,* 4 Daly, 117; *Smith* v. *Glenn Falls Ins. Co.,* 62 N. Y. 85, 87.)

BELCHER, C. — Plaintiff commenced this action on the eighteenth day of May, 1889, to recover a balance due upon an account stated. It is alleged in the complaint that prior to the third day of July, 1888, at the city and county of San Francisco, plaintiff had done and performed for defendant, at his special instance and request, a large amount of services and labor, for which defendant was justly indebted to plaintiff in a large sum of money, and that on the day named it was agreed between the parties that such services were reasonably worth the sum of five thousand dollars, and defendant agreed to pay plaintiff that sum therefor; and also that on the day named, at San Francisco, an account was stated between the plaintiff and defendant, and upon such statement a balance of five thousand dollars was found due to the plaintiff from the defendant, which sum the defendant then and there agreed to pay plaintiff; that defendant had not paid the same nor any part thereof, except the sum of nine hundred dollars, which he paid on the thirtieth of November, 1888.

The answer of defendant denies all the averments of the complaint, and as to the nine hundred dollars, alleges that plaintiff "harassed, pursued, and annoyed this defendant to such an extent that said defendant to buy his peace, and without consideration, and not at all because he was under any liability to the said plaintiff, paid him the said sum of nine hundred dollars, in the complaint mentioned." It further alleges that each of the causes of action set up in the complaint is barred by the provisions of section 339, subdivision 1 of the Code of Civil Procedure.

After trial the court found the facts of the case to be as follows : —

"1. That the plaintiff entered upon the service and employment of the defendant at his special instance and request in the month of February, 1885, and continued such service and employment to the twentieth day of January, 1887; that said employment was indeterminate as to duration and a continuous employment to said twentieth day of January, 1887; and no right of action accrued to plaintiff against defendant by reason thereof, prior to the twentieth day of January, 1887.

"2. That on the third day of July, 1888, it was agreed between the said plaintiff and said defendant that such services were reasonably worth the sum of five thousand dollars; and the defendant on said day promised to pay to the plaintiff the said sum of five thousand dollars. That on said day two years had not elapsed since a cause of action accrued in favor of plaintiff against defendant, for or on account of said services.

"3. That on the third day of July, 1888, an account was stated between the plaintiff and defendant, at San Francisco, California; and upon such statement a balance of five thousand dollars was found due to the plaintiff, from the defendant, for and on account of said labor and services theretofore done and performed by the plaintiff for the defendant; and at said time and place the defendant agreed to pay the plaintiff the said sum of five thousand dollars; and the plaintiff agreed to accept the same in full payment of all services theretofore rendered by him to defendant. That at said time two years had not elapsed since a cause of action accrued in favor of plaintiff against defendant, for or on account of said services, so rendered by plaintiff to defendant as aforesaid.

"4. That on the thirtieth day of November, 1888, the defendant paid to the plaintiff, on account of said sum of five thousand dollars, the sum of nine hundred dollars; but that no other sum has been paid by the defendant thereon.

"5. That the plaintiff did not voluntarily undertake to perform, nor did he voluntarily perform, any services for the defendant.

"6. That the defendant did not, to buy his peace and without consideration, pay to plaintiff the sum of nine hundred dol-

lars, nor any other sum of money; nor did plaintiff receive from defendant any sum of money whereby he became indebted to defendant.

"7. That plaintiff's causes of action against the defendant were not, nor was any of them, barred by the provisions of section 339, subdivision 1 of the Code of Civil Procedure of California, or any other provision of law."

Upon these facts the court gave judgment for the plaintiff according to the prayer of his complaint, from which, and from an order denying his motion for a new trial, defendant appeals.

The notice of motion for new trial stated that the motion would be made upon a bill of exceptions to be subsequently prepared, and on the the grounds: that the evidence was insufficient to justify the decision, that the decision was against law, and errors in law occurring at the trial and excepted to by defendant. The specifications attached to the bill of exceptions, subsequently settled and filed, were to the effect:—

1. That there was no evidence that any account was ever stated between the parties, or that there was any agreement between them that plaintiff's services were reasonably worth the sum of five thousand dollars, or any sum whatever; and,—

2. That the evidence shows that no acknowledgment or promise in writing was made by defendant, and also shows that at the time of the commencement of the action the plaintiff's cause of action was barred by the statute of limitations as pleaded in the answer.

The specifications do not assail the first, fourth, fifth, and sixth findings, and the facts therein stated must be accepted as true. It follows, therefore, that the plaintiff did perform services for the defendant for nearly two years, and that no right of action, by reason thereof, accrued to the plaintiff prior to January 20, 1887, and also that in November, 1888, defendant paid to plaintiff on account, and not to buy his peace or without consideration, the sum of nine hundred dollars.

It is argued that the evidence did not justify the finding that an account was stated between the parties, because, according to the testimony for the plaintiff, defendant was to pay the five thousand dollars upon his return to Los Angeles, and upon making a settlement there with a Mr. Jewett; and it is claimed

that this shows that the account was stated conditionally only, and that in order to recover upon it, it was incumbent upon the plaintiff to allege and prove that the conditions had been performed, that is, that defendant had returned to Los Angeles and had settled with Jewett, or if he had not settled with him that it was in consequence of his own fault, but that no such allegation was made or proof offered.

An account stated, as defined by Bouvier, is "An agreed balance of accounts; an account which has been examined and accepted by the parties." And in 2 Chitty on Contracts, 11th Am. ed., p. 962, it is said: "It must appear that at the time of the accounting certain claims existed, of and concerning which an account was stated; that a balance was then struck and agreed upon, and that defendant expressly admitted that a certain sum was then due from him as a debt. Hence it follows that an account cannot be stated with reference to a debt payable on a contingency." But that it is not "essential that there should be cross or reciprocal demands between the parties, or that the defendant's acknowledgment that a certain sum was due from him to the plaintiff should relate to more than a single debt or transaction."

Here it was proved that plaintiff had presented a much larger claim for his services than was allowed, and that there had been considerable correspondence between the parties in regard to it; "that on the third day of July, 1888, the defendant then being in San Francisco, called at the office of the plaintiff, and a conversation occurred between them relative to a settlement of plaintiff's claim. After some negotiation, defendant offered to pay plaintiff the sum of five thousand dollars in full settlement, the money to be paid by defendant as soon as he should settle matters with a Mr. Jewett, who was the agent of defendant at Los Angeles. Plaintiff accepted this offer and told defendant that he would settle his account with defendant for that sum; and it was then agreed that defendant should pay plaintiff, and plaintiff would accept from defendant five thousand dollars, in extinction of all claims of plaintiff upon defendant."

The claim of plaintiff was not a debt payable on a contingency, but was clearly such a one as might be agreed upon and

stated by the parties; and the facts proved by plaintiff, if true, clearly show that the transaction constituted a full and complete statement of the account. It is true that the money was to be paid when defendant should settle with Jewett, but that did not affect the statement. If two parties, having accounts between them, examine the accounts and a balance is then struck and agreed upon, and admitted to be due from one to the other, the statement is complete, though the debtor reserves the right to pay the balance at some future day. (*Tuggle* v. *Minor*, 76 Cal. 96.) Whether the defendant had settled with Jewett before the action was commenced does not appear, but if not the only defense which could be interposed on this ground would be that the action was prematurely brought. No such defense, however, was interposed, and upon the record presented the question cannot now be considered. But conceding this to be so, it is further strenuously urged that the plaintiff's cause of action was barred by the statute of limitations pleaded, and that the finding of the court that it was not barred was contrary to and not justified by the evidence. This position is rested upon the theory that the statute began to run against plaintiff's claim when he completed his services on January 20, 1887, and that under section 360 of the Code of Civil Procedure its running was not suspended or affected by the oral statement of the account, and hence that, as more than two years had elapsed when the complaint was filed, the action was barred. It is admitted, however, by the learned counsel, that this theory is in direct conflict with the rulings upon the same question in *Auzerais* v. *Naglee*, 74 Cal. 60, and *Kahn* v. *Edwards*, 75 Cal. 192; 7 Am. St. Rep. 141; but it is claimed that these cases were not well considered and should be overruled.

In the first of these cases it is said: "An open account already barred by the statute of limitations cannot be relieved from the bar of such statute by an oral statement of such account, for the reason that under our code (Code Civ. Proc., sec. 360) no acknowledgment or promise is sufficient evidence of a new or continuing contract by which to take the case out of the operation of the statute, unless the same is contained in some writing signed by the party to be charged thereby. "Where, however, the demand is not barred at the date of the

account stated, although the statement is verbal, the statute begins to run upon the new cause of action thus brought into existence from the date of the settlement and new promise arising thereunder; and if verbal, an action may, under subdivision 1, section 339 of the Code of Civil Procedure, be brought within two years after such settlement." And in the second case named this language was quoted and approved.

In answer to the claim that these cases should be overruled, so far as they treat upon the subject in hand, it is enough to say that they are supported by many authorities elsewhere, and in our opinion should be sustained.

It follows that the judgment and order appealed from should be affirmed, and we so advise.

SEARLS, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

DE HAVEN, J., FITZGERALD, J., McFARLAND, J.