# DOLLY INGLE v. E. D. ANGELL.[1]

May 13, 1910.

Nos. 16,584—(83).

**Action upon account stated.**

Parties holding mutual and open claims against each other may agree as to some of such items, leaving other items for future adjustment, and an action upon an account stated may be maintained for the balance arrived at from the items considered.

**Same — set off.**

In such action the party against whom the balance is claimed may offset against it any balance which he claims from the items not included in the settlement.

Action in the district court for Wilkin county to recover $289.17. The case was tried before Flaherty, J., and a jury which returned a verdict in favor of plaintiff for $283.25. From an order denying defendant's motion for a new trial, he appealed. Affirmed.

*Lewis E. Jones,* for appellant.

*McCumber & Forbes* and *Henry G. Wyvell,* for respondent.

O'BRIEN, J.

The plaintiff's demand consists of three causes of action—$236.17, a balance claimed to be due upon an account stated between J. G. Ingle and defendant, and assigned to plaintiff; $3, upon another account between those persons, also assigned to plaintiff; and a balance of $50, for personal services rendered to defendant by plaintiff. There was a conflict of evidence as to each of these claims, making a plain question of fact as to each, and they were all fully and fairly submitted to the jury, which found for the plaintiff in the sum of $283.25. This appeal is from an order denying a new trial.

[1] Reported in 126 N. W. 401.

[Note] As to what constitutes an account stated, see Vanbebber v. Plunkett (Or.) 27 L. R. A. 811.

The principal contention of the defendant is with reference to the first cause of action, based upon the alleged stated account. The testimony upon behalf of the plaintiff was to the effect that for some time prior to March, 1908, defendant and J. G. Ingle had various transactions resulting in valid claims by each against the other, and that some time during March, 1908, they met and came to an agreement with reference to each of said claims, with the exception of one item for speltz claimed to have been furnished Ingle by the defendant, amounting to about $34. This item the plaintiff concedes was left for future determination. The defendant denied that any balance was agreed upon, and, according to his testimony, there was no agreement which would establish an account stated.

The court submitted to the jury the question whether or not any such agreement was made, with the instruction that plaintiff could recover upon the first cause of action only in case they found it was so agreed. In submitting to the jury plaintiff's claim as to an account stated the learned trial judge said:

"If you find, gentlemen of the jury, upon the evidence, that there was a certain item or items that the parties agreed to suspend or leave out, pending future investigations or future inquiry, and if they agreed that they should take up other matters and claims, and examine the claims of each party; and that as to these claims that they did take up and examine, if you find that they arrived at a correct balance upon these claims, and that it was found that—that there was a balance due from the defendant to J. G. Ingle as claimed by plaintiff, the plaintiff would be entitled to recover upon that agreed balance. In other words, gentlemen of the jury, the right of the plaintiff to recover in this action would not be defeated because of the fact —if you find it to be a fact—that one or two items were left unexplained and omitted from the account by agreement between the parties."

The defendant contends that the court erred in so charging, and insists that, where the transactions between the parties resulted in mutual, open, and current accounts between them, there can be no account stated, unless all of the items claimed by each are included; in other words, that the balance found must be complete and final.

We do not agree with the contention. In the last analysis an account stated is nothing more than an agreement between the parties as to the items considered. If the agreement is that the balance found is final and complete, it constitutes an account stated as to every item; but, upon the other hand, we do not see how a court can limit the right parties have to make such lawful contracts as they choose, and, therefore, to agree as to certain items and leave open for adjustment or adjudication other items. It is not apparent that injury can result from such a rule. In the present case the defendant was at liberty to claim the amount of any omitted item as an offset to plaintiff's demand, and by such means be fully protected. The result is that the instruction complained of was correct. Tuggle v. Minor, 76 Cal. 96, 18 Pac. 131.

In the third cause of action plaintiff alleged an agreement to pay the amount claimed, and also that the services were reasonably worth that amount. Defendant moved that plaintiff be required to elect whether to rely upon the agreement or the reasonable value. This motion was addressed to the discretion of the court, of which, in denying it, there was no abuse. Plummer v. Mold, 22 Minn. 15.

There were some slight discrepancies in the amounts claimed in the complaint and those shown by the testimony. Those discrepancies do not affect plaintiff's right to recover, the recovery being less than the amount claimed in the complaint. We have examined the evidence as contained in the record, and find no error in the rulings of the court with reference to its admission, and also find that the evidence was sufficient to justify the verdict. The charge very clearly submitted the questions involved to the jury, and there is no reason for disturbing the verdict rendered.

Order affirmed.