## HENRY LEMKE v. ALBERT THOMPSON.

(159 N. W. 844.)

**Account stated — action on — defense general denial — instructions — fact — issue of — error.**

1. Action upon an account stated, with defense a general denial. Instructions examined and held prejudicial, as withdrawing from the jury determination of a controlling issue of fact.

**Account — items of — correctness of admitted — account becomes stated as to — offset — debtor — item not included — future adjustment — defense — general denial.**

2. When all items of an account are admitted to be correct except one left for future adjustment, the account becomes stated as to those items agreed to be correct; but the debtor on such partial stated account may offset against it items not included in the stated account, but left for future adjustment. This defense can be maintained under a general denial.

Opinion filed October 10, 1916.

Appeal from the District Court of Ramsey County, *Bultz,* Judge.

Reversed and a new trial ordered.

*Frich & Kelly,* for appellant.

A witness may not be presented with a written statement, damaging to the adverse party and likely to induce the decision against such party, and be asked to examine same to "refresh his memory" on an immaterial point with respect to which the witness already and correctly testified without having had his memory "refreshed." Further, such written statement is a mere self-serving document, and incompetent as evidence. Dr. R. D. Eaton Chemical Co. v. Doherty, 31 N. D. 175, 153 N. W. 966; 10 Cyc. 2449, and cases cited; 11 Enc. Ev. 94 et seq; State v. Burns, 25 S. D. 364, 126 N. W. 574.

It is error to admit written memoranda made by plaintiff where he is testifying as a witness in his own behalf and has a distinct recollection of the facts. National Ulster County Bank v. Madden, 114 N. Y. 280, 11 Am. St. Rep. 633, 21 N. E. 408; Coxe Bros. & Co. v. Milbrath, 110 Wis. 499, 86 N. W. 174.

There is no authority sustaining the practice of reading the memorandum to the jury as a part of a question and then asking the witness if same refreshed his memory. Haack v. Fearing, 5 Rob. 528; Wilde v. Hexter, 50 Barb. 448; Garber v. New York City R. Co. 92 N. Y. Supp. 722; Western U. Teleg. Co. v. Christensen, — Tex. Civ. App. —, 78 S. W. 744.

There is no competent proof of an account stated. Plano Mfg. Co. v. Kautenberger, 121 Iowa, 213, 96 N. W. 743; Smith v. Northern P. R. Co. 3 N. D. 555, 58 N. W. 345; American Soda Fountain Co. v. Hogue, 17 N. D. 375, 17 L.R.A.(N.S.) 1113, 116 N. W. 339; Swanson v. Andrus, 84 Minn. 168, 87 N. W. 363, 88 N. W. 252; Decen. Dig. Evidence, § 471.

To constitute an account stated there must be shown a mutual examination of the claims of each other by the parties, a like agreement between them as to the correctness of the respective claims, the ascertainment of the balance due, and a promise, express or implied, to pay. 1 C. J. 678; 1 Words & Phrases 93.

This balance must be a "book debt" as distinguished from a demand based upon a special contract or growing out of a tort. Rosenbaum v. McEwen, 24 Colo. App. 58, 131 Pac. 781; Gunn v. Perseverence Min. & Mill. Co. 23 Idaho, 418, 130 Pac. 459; Ryan v. Rand, 26 N. H. 12; Bussey v. Gant, 29 Tenn. 238.

The account, in order to constitute a contract, should appear to be something more than a mere memorandum. It should show clearly upon its face that it was intended to be a final settlement up to date. Coffee v. Williams, 103 Cal. 550, 37 Pac. 504.

Where oral negotiations are merged into writing, the rights of the parties must be determined by the written instrument. Northwestern Fuel Co. v. Bruns, 1 N. D. 137, 45 N. W. 699; Gage v. Phillips, 21 Nev. 150, 37 Am. St. Rep. 494, 26 Pac. 60.

An unwarranted restriction of the right of cross-examination is prejudicial error. The court here refused to allow defendant to cross-

35 N. D.—13.

examine Lemke with respect to the settlement and as to what was included therein. State v. Hazlett, 14 N. D. 490, 105 N. W. 617; Hogen v. Klabo, 13 N. D. 319, 100 N. W. 847, and cases cited; Taggart v. Bosch, 5 Cal. Unrep. 690, 48 Pac. 1092; 40 Cyc. 2480, and cases cited.

Such an account should show upon its face that it was intended to be a final statement up to date, and a promise to pay. Coffee v. Williams, supra; 1 Century Dig. 754, § 31; Columbia River Packing Co. v. Tallant, 133 Fed. 990; Howell v. Johnson, 38 Or. 571, 64 Pac. 659; Peoria Grape Sugar Co. v. Turney, 58 Ill. App. 563; Davis v. Seattle Nat. Bank, 19 Wash. 65, 52 Pac. 526.

The defendant had the right to show, if he could, the inherent improbability of his agreement to such an account. Field v. Knapp, 108 N. Y. 87, 14 N. E. 829; Landis v. Watts, 82 Neb. 359, 117 N. W. 705; Baker v. Griffin, 43 Misc. 1, 86 N. Y. Supp. 579; E. W. McLellan Co. v. East San Mateo Land Co. 166 Cal. 736, 137 Pac. 1145; Campbell v. Blount, 32 Misc. 756, 65 N. Y. Supp. 785; Kaminsky v. Mendelson, 25 Misc. 500, 54 N. Y. Supp. 1010; Lawler v. Jennings, 18 Utah, 35, 55 Pac. 60; Christian v. Niagara F. Ins. Co. 101 Ala. 634, 14 So. 374; Bouslog v. Garrett, 39 Ind. 338; Binford v. Miner, 101 Ind. 147; Arnett v. Smith, 11 N. D. 55, 88 N. W. 1037.

An application to amend a pleading is addressed to the discretion of the trial court. Such discretion is not an arbitrary one, but a legal one, and the court should be guided by the fixed principles of the law, and courts should allow amendments when in furtherance of justice. Comp. Laws 1913, § 7482.

Where the erroneous rulings of the court clearly contribute to the result, it is a mistrial. Stringer v. Davis, 30 Cal. 318; People use of National Sewer-Pipe Co. v. Sharp, 133 Mich. 378, 94 N. W. 1074; Dunn v. Bozarth, 59 Neb. 244, 80 N. W. 811; Ford v. Liner, 24 Tex. Civ. App. 353, 59 S. W. 943; Hancock v. Board of Education, 140 Cal. 554, 74 Pac. 44; Martin v. Luger Furniture Co. 8 N. D. 220, 77 N. W. 1005; Finlayson v. Peterson, 11 N. D. 45, 89 N. W. 855; Kerr v. Grand Forks, 15 N. D. 294, 107 N. W. 197; Barker v. More Bros. 18 N. D. 82, 118 N. W. 823.

Where letters or writings are erroneously allowed to be offered in evidence, the only way to correct the error is to withdraw them entirely from the case. Merritt v. Meisenheimer, 84 Wash. 174, 146 Pac. 370;

Lewis v. Utah Constr. Co. 10 Idaho, 214, 77 Pac. 336; Hollenbeck v. Ristine, 105 Iowa, 488, 67 Am. St. Rep. 306, 75 N. W. 355; Kansas P. R. Co. v. Anderson, 23 Kan. 44; McMullin v. Reed, 213 Pa. 338, 62 Atl. 924; Crisp v. State Bank, 32 N. D. 263, 155 N. W. 78.

Corroboration by any other credible evidence, positive or circumstantial, oral or documentary, is all the law requires. It is not necessary that a witness be corroborated by another witness. F. Dohmen v. Niagara F. Ins. Co. 96 Wis. 38, 71 N. W. 69; Bratt v. Swift, 99 Wis. 579, 75 N. W. 411; 1 Blashfield, Instructions to Juries, § 256.

The alleged "stated account" rests solely in parol and is not evidenced by any writing by which the defendant is legally bound. There was, however, an original written contract between the parties for the sale by Lemke to Thompson of real and personal property at a fixed price, to be paid in a specified manner. The plaintiff's theory of a "stated account" is adopted to vary or change the terms of this written contract. Middleditch v. Ellis, 2 Exch. 623, 17 L. J. Exch. N. S. 365; Gilson v. Stewart, 7 Watts, 100; Young v. Hill, 67 N. Y. 162, 23 Am. Rep. 99; Thomasna v. Carpenter, 175 Mich. 428, 45 L.R.A.(N.S.) 543, 141 N. W. 559, Ann. Cas. 1915A, 690; Jasper Trust Co. v. Lamkin, 162 Ala. 388, 24 L.R.A.(N.S.) 1237, 50 So. 337; Valley Lumber Co. v. Smith, 71 Wis. 308, 5 Am. St. Rep. 216, 37 N. W. 413; Gutshall v. Cooper, 37 Colo. 212, 6 L.R.A.(N.S.) 820, 86 Pac. 125; Williams v. Williams, 3 Ind. 222; Kusterer Brewing Co. v. Friar, 99 Mich. 190, 58 N. W. 52; Fraley v. Bispham, 10 Pa. 320, 51 Am. Dec. 486; Gallinger v. Lake Shore Traffic Co. 67 Wis. 529, 30 N. W. 790.

*Flynn & Traynor,* for respondent.

This court has held that it cannot dispose of the case on the merits without specifications of errors, and that, for the absence of same, the appeal may be dismissed. Wilson v. Kryger, 26 N. D. 77, 80, 51 L.R.A.(N.S.) 760, 143 N. W. 764; Miller v. Thompson, 31 N. D. 147, 153 N. W. 391; Feil v. Northwest German Farmers Mut. Ins. Co. 28 N. D. 355, 149 N. W. 358.

The appellant will not be permitted to urge, on appeal, a different theory from that upon which the entire cause proceeded in the lower court. De Laney v. Western Stock Co. 19 N. D. 630, 125 N. W. 499; Casey v. First Nat. Bank, 20 N. D. 211, 126 N. W. 1011; Caledonia Gold Min. Co. v. Noonan, 3 Dak. 189, 14 N. W. 426; Noonan v. Cale-

donia Gold Min. Co. 121 U. S. 393, 30 L. ed. 1061, 7 Sup. Ct. Rep. 911; State v. Luehman, 2 S. D. 171, 49 N. W. 3; Bailey v. Chicago, M. & St. P. R. Co. 3 S. D. 531, 19 L.R.A. 653, 54 N. W. 596; Tilton v. Flormann, 22 S. D. 324, 117 N. W. 377; First Nat. Bank v. Warner, 17 N. D. 76, 114 N. W. 1085, 17 Ann. Cas. 213; Kolka v. Jones, 6 N. D. 461, 66 Am. St. Rep. 615, 71 N. W. 558; St. Croix Lumber Co. v. Pennington, 2 Dak. 467, 11 N. W. 497; Mathews v. Silvander, 14 S. D. 505, 85 N. W. 998; Harrison v. State Bkg. & T. Co. 15 S. D. 304, 89 N. W. 477; Buchanan v. Minneapolis Threshing Mach. Co. 17 N. D. 343, 116 N. W. 335; Chilson v. Bank of Fairmount, 9 N. D. 96, 81 N. W. 33; Whiffen v. Hollister, 12 S. D. 68, 80 N. W. 156; Gaines v. White, 2 S. D. 410, 50 N. W. 901; Dowdle v. Cornue, 9 S. D. 126, 68 N. W. 194; F. Mayer Boot & Shoe Co. v. Ferguson, 19 N. D. 496, 126 N. W. 110; Loftus v. Agrant, 18 S. D. 55, 99 N. W. 90; 2 Cyc. 670 et seq.

Mistake or error in an "account stated" must be alleged and proved. Gutshall v. Cooper, 37 Colo. 212, 6 L.R.A.(N.S.) 820, 86 Pac. 125; Howell v. Johnson, 38 Or. 571, 64 Pac. 659.

An "account stated" may grow out of a transaction growing out of a written contract, and the account, when stated, need not be complete in itself. Krueger v. Dodge, 15 S. D. 159, 87 N. W. 965; Claire v. Claire, 10 Neb. 57, 4 N. W. 412; Hale v. Hale, 14 S. D. 644, 86 N. W. 650.

"While the doctrine as to 'account stated' may originally have had its origin in transactions between merchants, it has been quite generally extended to all cases where the relation of debtor and creditor exists." 1 C. J. 679, 682; Converse v. Scott, 137 Cal. 239, 70 Pac. 13; Watkins v. Ford, 69 Mich. 357, 37 N. W. 300; Swain v. Knapp, 34 Minn. 232, 25 N. W. 397; Krueger v. Dodge, 15 S. D. 159, 87 N. W. 965; Quinn v. White, 26 Nev. 42, 62 Pac. 995, 64 Pac. 819; Lay v. Emery, 8 N. D. 515, 79 N. W. 1053; Little v. Little, 2 N. D. 175, 49 N. W. 736; Montgomery v. Fritz, 7 N. D. 348, 75 N. W. 266; Wood v. Pehrsson, 21 N. D. 364, 130 N. W. 1010.

Goss, J. Action upon an account stated. The account originated with a sale in February, 1909, of merchandise, buildings, and lots to defendant for $5,807.42, under a written contract.

The complaint states that in September, 1909, an account stated was agreed upon whereunder defendant was owing plaintiff $826.84; that later offsets arose, and that a second and final account stated was entered into December 30, 1909, for $758.34, the amount sued for with interest.

The answer pleads the original contract in full with many set-offs and payments made thereon, aggregating more than the contract price, and closes with a general denial of plaintiff's complaint.

Upon trial plaintiff made prima facie proof of alleged account stated, and defendant admitted that an adjustment of mutual accounts was had, and that he gave Lemke a statement in his own figures, as the amount due Lemke upon partial accounting. The statement is:

| | |
|---|---|
| Principal | $695.84 |
| Interest | 62.50 |
| | $758.34 |

This is the amount sued for. Plaintiff testified that this balance included all mutual accounts and was in fact an account stated. Defendant, in his testimony, admits this constitutes a stated account upon all matters except one, an item of $750 and interest, on one of the lot contracts, due from the seller to one Olsgaard, to take up which outstanding contract, defendant paid Olsgaard $865 on May 18, 1910, and after the date of the account stated. Under the terms of the contract of sale this $865 was the debt of Lemke, and not of Thompson, the seller having agreed to deliver title by warranty deeds to the lots so paid for in such amount by Thompson. The obligation of plaintiff to pay Olsgaard this amount for these lots stands admitted, as does the fact that defendant paid that amount to Olsgaard after the date of the account stated and for title and in performing Lemke's contract with Olsgaard.

The only dispute is that Lemke claims a deduction of $750, for this item had been allowed Thompson in arriving at the account stated, leaving Thompson indebted to plaintiff for the amount of the account stated over and above the $750 item. Defendant claims the contrary. He sets forth in his testimony his side of the controversy as follows: "Lemke came up there and it was in the month of December, 1909, and he said he was about to turn over all he had, turning over the balance that was still supposed to be standing against me, and there was

some stuff that was short, and he said, We will fix this all up now; and he says the boys are going to take this matter up with Olsgaard and pay it all up, and he said, You will get title to those lots. I told him of course I would have to have title to those lots, otherwise I wouldn't be owing them anything."

Q. Did he say that was all right when you said you would not be owing them anything, or what did he say about that?

. A. Well he understood that, he said.

Q. Did he ask you to give him anything with reference to that balance there?

A. Well, he says, Put down on this slip about what you think there is balance on the account.

Q. Did he say anything to you what he wanted such a slip for?

A. Well, he wanted to show his brothers, he said, that there was still something coming there so that they would have some coming provided they paid the Olsgaard deal.

Q. And was it with that understanding and as a result of that talk that you placed these figures upon exhibit 2? (Statement of principal and interest.)

A. Yes.

Q. Was there anything else said there about the debt that he claimed you owed him at that time?

A. Nothing more than he said of course the boys was kicking about they didn't seem to get enough out of it, or something like that.

Q. And did he urge that to you as a further reason for obtaining from you this exhibit 2?

A. Yes.

Again he testifies: "Well, regarding that balance he says, of course you will be owing me this provided the boys pay for those Olsgaard lots."

Q. And were those Olsgaard lots part of the property that was included in this sale agreement, exhibit 1?

A. Yes.

Q. Did you afterwards obtain title to the Olsgaard lots?

A. Yes.

Q. In what manner did you get that title?

A. By paying Olsgaard $865 by check, in May, 1910.

The check is in evidence and verifies the payment.

On cross-examination defendant was asked:

Q. I call your attention to exhibit 3 (a lengthy account plaintiff claims contains the detailed accounts of both parties and upon which the account stated was arrived at), to the statement therein, "purchase price of lots in Brocket assumed by Thompson, $750,"—that refers to the Olsgaard lots does it not?

A. Why that was the figures of the lots,—of the purchase price, rather of the lots.

Q. So that in the figuring of that settlement the Olsgaard lots were figured as a credit to you of $750?

A. No.

Q. You knew all the time that there was $750 and interest against those lots did you not?

A. Yes.

It is then shown that the Olsgaard lots were inventoried among the goods sold with the business to defendant as "two lots on corner $700," or in other words the lots were sold to defendant at that figure as a part of the consideration, with the sellers to perfect title to them.

Plaintiff's witness testifies that he compiled exhibit 3 from figures furnished by Thompson. That "Thompson got the figures and I put them down." This Thompson denies.

The sole issue of fact in the case was whether the account stated covered the consideration paid for these Olsgaard lots. Plaintiff says it did. Defendant says it did not, and that he, having subsequently paid it, is entitled to offset it against the account stated. That this was the issue of fact attempted to be presented to the jury is shown by the memorandum decision on denial of defendant's motion for a new trial. It reads: "Defendant claims that the amount claimed (in the account stated) would have been correct had it not been for the fact that the defendant afterwards was required to invest somewhat more than that amount in procuring title to some lots, which was the duty of Lemke to secure, and defendant insists that the amount claimed in the alleged account stated was to be due only in the event that the title

to these lots was procured for Thompson. The plaintiff and his witnesses claimed that in the alleged account stated the matter of these lots had been taken into consideration, and there was no contingency with reference to such account and the balance due. As evidence was permitted to go to the jury upon the question relative to the title of these lots and the procuring of this title, and *the instructions of the court. covered that matter,* the jury necessarily determined that issue against the defendant, in effect finding by their verdict that there was no such contingency as claimed by Thompson. An exploration of the record together with the instructions to the jury I believe will confirm my opinion that this matter was fully and fairly submitted to the jury."

The learned trial court has thus defined the issue presented to the jury, and would be correct in its holding that the findings of the jury would be conclusive against defendant if said issue "was fully and fairly submitted to the jury," "and the instructions of the court covered that matter," quoting the opinion, but an exploration of the record discloses that by giving an instruction requested by plaintiff, the court wholly eliminated that issue of fact from the jury's consideration and in effect instructed the jury to find a verdict for plaintiff. Oral instructions were given, and the error is undoubtedly an oversight. After instructing fully upon the contentions of the plaintiff, the court said: "The defendant in his answer denies that he ever stated an account with Fred Lemke or anyone with reference to this matter as claimed by the plaintiff in this action, and you will remember what his claims are in relation to that as that appears in the evidence, being in brief that the items claimed by the plaintiff were right, provided the Lemke boys took care of the matter of the title and the payment for the title of certain lots and property over there in Brocket. . . . In this case the only question for you to decide is whether or not there was an account stated and agreed upon between the parties. *There was no proof of payment on the part of the defendants.* If you find that the parties did go over their differences and accounts and agreed upon the balance as claimed by the plaintiff, and that the defendant agreed that that balance was right, and either in expressed words or impliedly by actions agreed to pay that amount, then your verdict should be for the plaintiff in the full amount in this case. The testimony on the part of Lemke is to the effect that in the reckoning of the balance due on the account stated

Thompson was allowed credit for $750 for the amount claimed by Thompson to get title to the Olsgaard lots. Even if the amount were not sufficient to fully cover that item and Thompson had to pay more later, makes no difference in this action, *if they settled their accounts between them and in settling the account between the parties they agreed upon this item of* $750. Thompson has not in his answer claimed there was any mistake in arriving at the account stated, so he is bound by whatever agreement he made in the account stated, if an account stated was stated at all, as claimed by the plaintiff in this action." The foregoing immediately preceded the following given at plaintiff's request: "The testimony allowed in the evidence with reference to the payment of $865 to Olsgaard by Thompson was allowed only for the purpose of throwing light into your minds as to whether or not the parties did in fact agree upon a balance due between them. *You must not consider this* $865 *as a payment against the stated account, the* $758.34, *if such balance were agreed upon, and you must not offset that* $865 *against the balance of* $758.34, for if the balance was agreed upon between the parties as claimed by the plaintiff, the *item covered by the* $865 *for obtaining title to the Olsgaard lots is presumed to have been included in the amount before the balance was struck and agreed upon.*" This error was further emphasized by following it with, "So you see you don't have to deal in this case with payment at all. The plaintiff relied upon this account stated. If he has failed to show by a fair preponderance of the evidence that an account was stated between these parties as claimed, then he fails in this lawsuit, and your verdict must be for the defendant. On the other hand, if you find, as a matter of fact, that an account was stated between these parties and agreed upon as claimed by the plaintiff, then you would have nothing to do with the question of payment because that is not in this case. I admitted that matter of payment simply as matter of corroboration or to throw light upon the claim of the defendant as to what he claims was the agreement between them at the time."

The real issue of fact was not whether there was an account stated. It was admitted that one was stated. There was no controversy over that question. But the single issue of fact was as to whether the lot consideration was included in it. If it was, plaintiff should have recovered. If not, the verdict should have been for defendant. There was no pre-

sumption under the proof that the account as stated covered the Olsgaard transaction. The court instructed that "the items covered by the $865 for obtaining title to the Olsgaard lots is presumed to have been included in the account before the balance was struck and agreed upon." This was error. There was no such presumption. If there was an issue of fact on that question it remained such, and for the jury. Neither was it necessary for the court to confuse the issue by instructing on payment. If it could have instructed as it did, it could have directed a verdict for plaintiff. To have done so would have been error, as there was a controversy upon whether the Olsgaard lot consideration was included within the mutual agreement of accounts.

If defendant is correct on facts, he had the right to assert such claim as a defense inasmuch as he made the payment for the lots after the account stated had been agreed upon. And this could be shown under general denial, inasmuch as the plaintiff claims the amount is owing because of the account stated. The defendant denies that he owes thereon, and has as a defense plead the original contract, including the obligation of the seller to convey to Thompson by warranty deeds the lots held under contract with Olsgaard, and that on May 18, 1910, the defendant had to pay Olsgaard $865 for title. While this is not specifically stated as a defense, it can be shown under a general denial, Anderson Mercantile Co. v. Anderson, 22 N. D. 441, 134 N. W. 36, and the case was tried and submitted upon that theory as shown by the record, the memorandum decision of the court, and instructions. There is some question raised as to whether an account stated must cover all transactions whatsoever. "Parties holding mutual and open claims against each other may agree as to some of such items, leaving other items for future adjustment, and an action upon an account stated may be maintained for the balance arrived at from the items considered. But in such action the party against whom the balance is claimed may offset against it any balance which he claims from the items not included in the settlement." 1 R. C. L. 220, citing Ingle v. Angell, 111 Minn. 63, 126 N. W. 400, 137 Am. St. Rep. 533, 20 Ann. Cas. 625, and note. See also notes to 23 L.R.A.(N.S.) 787, and 24 L.R.A.(N.S.) 1237, and Tuggle v. Minor, 76 Cal. 96, 18 Pac. 131, and Jasper Trust Co. v. Lamkin, 136 Am. St. Rep. 33 and extensive note. (162 Ala. 388, 24 L.R.A.(N.S.) 1237, 50 So. 337.)

The California case states the rule to be "when all the items of the account are admitted to be correct except certain ones which are left by the parties for future adjustment, the account becomes stated as to those items which are admitted to be correct."

Defendant had a right under a denial of the account stated alleged in the complaint to show an account stated as to a portion of the items only and that the account as stated did not include an offset owing in reduction of or in extinction of the amount due plaintiff under the account stated upon the items of account thereby settled and adjusted.

From rulings and remarks of the trial court made during the trial, it is apparent that it held too narrow a view of defendant's rights under the issue presented by the general denial. Errors in the instructions necessitate reversal of the judgment and the granting of a new trial. It is so ordered.