[Civ. No. 4144.    Second Appellate District, Division Two.—March 22, 1926.]

### R. C. MITCHELL, Respondent, v. C. S. FLEMING et al., Appellants.

[1] ACCOUNT STATED—POSTPONEMENT OF TIME OF PAYMENT—AGREEMENT BASED UPON CONTINGENCY—PLEADING.—An account stated is an agreed balance of accounts, an account which has been examined and accepted by the parties; and in an action to recover a specified sum of money, a complaint alleging that on or about a specified date "an account was stated between plaintiff and . . . defendants, and it was then ascertained and agreed that there would be due, owing and unpaid to plaintiff from said defendants" the sum sued for when a certain larger sum "should have been collected by defendants" on a certain sublease "and defendants then agreed to pay said plaintiff said sum . . . in the event and at the time as hereinbefore set forth," sufficiently pleads an account stated, and the allegation therein concerning the payment of the larger sum on said sublease does not show an agreement based upon a contingency, but merely the postponement of the time of payment by defendants to plaintiff.

[2] ID.—PAYMENT BEYOND YEAR—STATUTE OF FRAUDS.—An account stated need not ordinarily be in writing to be valid as such; but where the payment contemplated by an account stated cannot be realized within a year from the statement of the account, the account stated is within that part of the statute of frauds which

---

1.   See 1 **Cal. Jur.** 189.

requires a promise to be in writing when it is not to be performed within a year.

[3] ID.—PREMATURE CROSS-ACTION — FINDINGS — RES JUDICATA—EVIDENCE.—Where the evidence shows that the claim set forth in a cross-complaint is not due, the trial court should find that cross-defendants are not indebted to cross-complainant and that the amount claimed was not due when the action was commenced nor when the cross-complaint was filed, and there the findings should stop; and where the court goes further and finds that a specified sum "shall be due and payable" to cross-complainant when cross-defendants shall have collected a certain sum from a third party, but decrees that cross-complainant take nothing, such further finding is not *res judicata,* and, in a subsequent independent action by cross-complainant to recover said specified sum, the judgment-roll in the former action, including the further finding in question, is not admissible to establish plaintiff's right of recovery.

(1) 1 C. J., p. 678, n. 71, p. 698, n. 89, 90, p. 700, n. 9, p. 723, n. 96.   (2) 1 C. J., p. 682, n. 2; 27 C. J., p. 185, n. 54.   (3) 34 C. J., p. 915, n. 55, p. 928, n. 98, p. 932, n. 29, p. 937, n. 40, p. 944, n. 82.

APPEAL from a judgment of the Superior Court of Los Angeles County. Stanley Murray, Judge Presiding. Reversed.

The facts are stated in the opinion of the court.

G. C. DeGarmo and H. B. Cornell for Appellants.

William Albee, William Hazlett and Merton Albee for Respondent.

WORKS, J.—Plaintiff instituted suit against defendants for the recovery of the sum of $400. The complaint consisted of three counts, each attempting to state, in a different form from the other two, a cause of action to recover a single judgment for the amount. Plaintiff had judgment as prayed and defendants appeal.

[1] The first cause of action attempted to be set forth in the complaint was demurred to on the ground that it failed to state facts sufficient to constitute a cause of action and the demurrer was overruled. It is now contended that the ruling was error. The first count alleges facts showing that one Parker was bound to pay to appellants, who were assignees of one McFarland, as rental under a certain sub-

lease, the sum of $300 per month for a term of years, commencing on August 1, 1918. Then follow allegations tending to show that prior to June 25, 1918, appellants were obligated to pay to respondent the sum of $400. There is next this averment, in which is embodied the gist of the count: "That on or about the 25th day of June, 1918, an account was stated between plaintiff and said defendants, and it was then ascertained and agreed that there would be due, owing and unpaid to plaintiff from said defendants the sum of $400.00 when the sum of $5500.00 should have been collected by defendants on said sublease by McFarland and that Parker and defendants then agreed to pay said plaintiff said sum of $400.00 in the event and at the time as hereinbefore set forth."

Appellants contend that the first count of the complaint is insufficient for the reason that an account stated cannot arise from an agreement which is based upon a contingency and rely upon 1 C. J. 700, *Tuggle* v. *Minor,* 76 Cal. 96 [18 Pac. 131], and *Baird* v. *Crank,* 98 Cal. 293 [33 Pac. 63]. Respondent, on the other hand, insists that these California cases show that the first count of the complaint states a cause of action. It therefore becomes necessary to determine what the two cases decide—for there are apparently no later ones in this jurisdiction on the exact point here under examination—and then to measure the effect of the questioned count by them. So far as the two cases are relied upon by appellants they announce the rule stated in the language in Corpus Juris, which appellants also cite, that is: "An account cannot be stated with regard to a debt payable on a contingency." Respondent relies upon both the cases as upholding the doctrine that where an account is attempted to be stated in such manner as to make the agreed amount payable at a future date it is not payable upon a contingency. He takes the position that the paragraph of the first count which states the gist of the cause of action there pleaded in effect makes the amount here in question payable at a future time and nothing more. The rule for which respondent contends has been stated thus: "The promise, if express, need not be to pay at once; but where the promise is to pay at a future time, a recovery cannot be had on the stated account until the expiration of such time" (1 C. J. 698). In *Tuggle* v. *Minor, supra,* the su-

preme court decided that an account stated is not rendered ineffective where the promise is to pay "on my return from New York." In *Baird* v. *Crank, supra,* plaintiff sued to recover the sum of $500 upon an account stated and had judgment. Upon appeal it was contended that "the evidence did not justify the finding that an account was stated between the parties, because, according to the testimony for the plaintiff, defendant was to pay the five thousand dollars upon his return to Los Angeles, and upon making a settlement there with a Mr. Jewett," who was the agent of defendant at that place. In passing upon this contention the court said: "The claim of plaintiff was not a debt payable on a contingency, but was clearly such a one as might be agreed upon and stated by the parties; and the facts proved by plaintiff, if true, clearly show that the transaction constituted a full and complete statement of the account. It is true that the money was to be paid when defendant should settle with Jewett, but that did not affect the statement. If two parties, having accounts between them, examine the accounts and a balance is then struck and agreed upon, and admitted to be due from one of the other, the statement is complete, though the debtor reserves the right to pay the balance at some future day."

We can perceive no difference between the present cause and *Baird* v. *Crank,* viewing the phase of the latter upon which respondent pins his faith. In that case the supreme court evidently regarded the agreement as to the settlement with Jewett as doing nothing more than fixing a future time at which the plaintiff's promise to pay would be fulfilled. That agreement, in our opinion, is in nowise different from the promise in the present case to pay when the collection was made from Parker. It is true that the first count of the complaint, now before us, is somewhat unusually couched and of that fact appellants take full advantage. They point out that in the paragraph containing the reference to the account stated it is alleged that the amount sued for "would be due, owing and unpaid" when the money due under the sublease "should have been collected" and that "defendants then agreed to pay said plaintiff" the amount. When the entire count is examined, although the pleading is not as plain as it might have been made, it exhibits clearly enough an attempt on the part of the pleader to show a

present account stated, the time of payment being post-poned. In support of this view it is to be observed that an allegation immediately preceding the paragraph to which we have alluded as containing the gist of the count is to the effect that appellants at the time the account is alleged to have been stated were obligated to pay to respondent the amount for which judgment is prayed, and that the paragraph itself opens with the allegation that on a specified date "an account was stated . . . and it was then ascertained and agreed," this language being followed by the clauses above quoted. An account stated is "an agreed balance of accounts; an account which has been examined and accepted by the parties." (*Merchants' Nat. Bank* v. *Carmichael*, 178 Cal. 446 [173 Pac. 999].) We are of the opinion that the first count of the complaint sufficiently pleads such an account.

The second count of the complaint is based also upon an account stated, pleaded in a form somewhat different from that alleged in the first count. [2] The evidence under the allegations concerning each of the two accounts stated was to the effect that the promise to pay was not in writing and it is now insisted that the promise was invalid under the statute of frauds, for it appears from the record that the payments to be collected .by appellants from Parker could not have been realized within a year from the alleged statement of the account. The payment of the amount contemplated by each of the alleged accounts stated was postponed, under both pleadings and evidence, until the collection from Parker should be made. It is undoubtedly the law that an account stated need not ordinarily be in writing to be valid as such (*Converse* v. *Scott*, 137 Cal. 239 [70 Pac. 13]; *Bennett* v. *Potter*, 180 Cal. 736 [183 Pac. 156]), but appellant contends that the promise arising from the statement of such an account, if it is not to be performed within a year, is within the statute of frauds like any other promise the performance of which, according to its tenor, is postponed for a time longer than that named. While in some states it is perhaps the law that an account stated may be enforced at once, even if the promise to pay is conditioned for future performance as the promise was in this instance (see *Mattingly* v. *Shortell*, 120 Ky. 52 [8 Ann. Cas. 1134, 85 S. W. .215]), that is not the law in California.

Here the creditor must await the arrival of the time at which performance is promised (*Baird* v. *Crank, supra*). We are unable to see why such a promise is not within the statute of frauds. "An account stated is a mere unperformed promise by one party to pay a stated sum to another, and it is therefore an executory contract" (*Bennett* v. *Potter, supra*). "The account stated is a new and independent contract, and the whole action is based upon that contract" (*Converse* v. *Scott, supra*). "There can be no doubt that a promise to pay money, as much as a promise to do any other act, after the expiration of a year, is within the statute [of frauds]" (*Swift* v. *Swift,* 46 Cal. 266). It is the rule in other jurisdictions that an account stated is within that portion of the statute of frauds which requires that the promise of one to answer for the debt, default, or miscarriage of another shall be in writing (*Chace* v. *Trafford,* 116 Mass. 529 [17 Am. Rep. 171] ; *Martyn* v. *Amold,* 36 Fla. 446 [18 South. 791]). We think the accounts stated here in question are within that part of the statute which requires a promise to be in writing when it is not to be performed within a year.

[3] Appellants make the point that the trial court erred in admitting certain evidence over their objection. The claim which is being pressed in the present action was the subject of litigation in a former action between the parties. Appellants and defendants here were the plaintiffs in that action and respondent and plaintiff here was the defendant there. The claim here in suit was presented by cross-complaint or counterclaim in the former action. It appeared that the claim was being prematurely urged and the court thereupon rendered judgment: "That defendant R. C. Mitchell do not recover anything from plaintiffs or from either of them in this action under his counterclaim or cross-complaint herein, and that said counterclaim and cross-complaint be and the same hereby are dismissed, but without prejudice to the bringing of an action at the proper time by defendant R. C. Mitchell against plaintiffs." The matter here set forth includes everything embraced in the judgment in the former action which refers to the claim sued on in the present action, but in its findings of fact in the earlier action the court includes the following: "The plaintiffs are not indebted to defendant R. C. Mitchell in

the sum of $400.00 and that said sum was not due or payable at the time this action was commenced, nor at the time when said defendant filed his cross-complaint herein, but will be due and payable from plaintiffs to said defendant at the time when plaintiffs shall have collected the sum of $5500.00 at the rate of $300.00 per month, commencing on the first day of August, 1918, as the rental payable under that certain sub-lease made by Charles McFarland as lessor and C. C. Parker as lessee for a part of the Copp Building in the city of Los Angeles, California.''

It was the judgment-roll in the former action, including the finding which we have just stated, that was admitted in evidence in the present action over the objection of appellants. We do not see how the ruling admitting the evidence can be upheld. Respondent insists that the recital of the finding that ''the sum of $400.00 . . . will be due and payable . . . when plaintiffs shall have collected the sum of $5500.00'' from Parker is *res judicata*. But observe what an anomaly arises from such a contention. In the former action the court decided in effect that respondent here take nothing, while he insists that something of which he may now avail himself was adjudged in his favor. The court rendered judgment against respondent. He now says that judgment was rendered against appellants. The argument is not convincing.

Respondent would support his contention under the well-known rule of law, carried into the code of this state, that by a judgment that is adjudged which appears upon its face to have been adjudged, ''or which was actually and necessarily included therein or necessary thereto'' (Code Civ. Proc., sec. 1911). But the matter in the finding which respondent would have us declare so potent had nothing whatever to do with what appears on the face of the judgment. The only portion of the finding which supports the judgment is that to the effect that the plaintiffs in the former action were not indebted to the defendant therein and that the amount claimed was not due when the action was commenced nor when the cross-complaint was filed. There the finding should have stopped. There, in contemplation of law, it did stop, for the remainder of it was both gratuitous and useless. The contention that the recital in the finding is *res judicata* is without merit.

Other points are urged upon us by appellants but it is not necessary that they be decided. In truth, some of them are in effect determined by what has already been said.

Judgment reversed.

Finlayson, P. J., and Craig, J., concurred.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 19, 1926.