[No. 12256.   Department Two. — February 29, 1888.]

M. KAHN, APPELLANT, v. D. P. EDWARDS ET AL., RESPONDENTS.

STATED ACCOUNT — VERBAL STATEMENT — OPEN ACCOUNT NOT BARRED — STATUTE OF LIMITATIONS. — Where an open account is verbally stated before the items comprising it are barred, the statute of limitations begins to run against the stated account from the date of the statement, and an action may be brought thereon at any time within two years after the statement.

APPEAL from a judgment of the Superior Court of Yolo County.

The facts are stated in the opinion.

*Hudson Grant*, for Appellant.

The statute of limitations did not commence to run against the stated account until the date of the statement. (*Toland* v. *Sprague*, 12 Pet. 335; *Norton* v. *Larco*, 30 Cal. 130; 89 Am. Dec. 70; Angell on Limitations, sec. 150; *Carey* v. *P. & C. Pet. Co.*, 33 Cal. 697; *Taylor* v. *Castle*, 42 Cal. 372; *McCormick* v. *Brown*, 36 Cal. 185.)   Section 360 of the Code of Civil Procedure does not prohibit an oral promise to pay a balance ascertained upon the settlement of existing liabilities. (*Union Bank* v. *Knapp*, 3 Pick. 96; 15 Am. Dec. 181; *Belchertown* v. *Bridgman*, 118 Mass. 487; *Welch* v. *Kenny*, 49 Cal. 49; *Auzerais* v. *Naglee*, 74 Cal. 60.)

*C. P. Harding*, for Respondents.

An account may be stated orally or in writing.   If stated in writing, it is not subject to the operation of section 339 of the Code of Civil Procedure.   If stated orally, evidence thereof is governed and limited by section 360 of the Code of Civil Procedure.   In other words, where there is an open account, no acknowledgment of the correctness of the account, nor promise to pay it, can be

proved, except by writing. (Wood on Limitations, sec. 280; *Sperry* v. *Moore*, 42 Mich. 353; *Reed* v. *Smith*, 1 Idaho, 533; *Chace* v. *Trafford*, 116 Mass. 529.)

FOOTE, C.— This is an action upon an account stated. Both of the defendants pleaded the statute of limitations of two years, under section 339, subdivision 1, Code of Civil Procedure.   One of them, Goodin, further pleaded, in bar of the action, that he by agreement had been absolved from paying the account sued on.

The trial court found that the amount of the account was correct; that no such agreement as Goodin claimed had in fact existed, but held that the cause of action as · to both defendants was barred by the statute of limitations.

From the judgment roll, it appears that the defendants were indebted upon an open account to a partnership of whose effects the plaintiff was the sole owner at the time of the institution of this suit.   Before the statute of limitations had barred any portion of that account, the parties met and agreed *orally* upon the balance that was due from the defendants to the plaintiff; in other words, an accounting was had between the parties, and the balance which the plaintiff claimed to be due from the defendants, they then and there orally admitted to be due, as he claimed, and agreed to pay.

At the time when this action upon the " account stated " was instituted, two years had not elapsed since the agreement had been made to pay the ascertained balance due on the original account.   Therefore the cause of action upon which this suit is based was not barred, and the plaintiff should have had judgment upon the finding. ·

" An open account already barred by the statute of limitations cannot be relieved from the bar of such statute by an oral statement of such account. . . . .

" Where, however, the demand is not barred at the

date of the account stated, although the statement is verbal, the statute begins to run upon the new cause of action thus brought into existence from the date of the settlement and new promise arising thereunder, and if verbal, an action may, under subdivision 1 of section 339, Code of Civil Procedure, be brought within two years after such settlement." (*Auzerais* v. *Naglee*, 74 Cal. 67.)

The judgment, therefore, should be reversed, and the court below directed to render judgment upon the findings for the plaintiff.

BELCHER, C. C., and HAYNE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is reversed, and the court below directed to render judgment upon the findings for the plaintiff.