## ROUNTHWAITE v. ROUNTHWAITE.

### L. A. No. 1150; March 17, 1902.

#### 68 Pac. 304.

**Appeal.—Where the Evidence is Conflicting,** a finding will not be disturbed on appeal, though most of plaintiff's evidence is by depositions.

**Limitation of Actions—Acknowledgment.—In an Action for Money Loaned,** written acknowledgment of which is claimed to have

been made within four years, as required by Code of Civil Procedure, section 360, a finding that defendant did not acknowledge any indebtedness to plaintiff in writing is sustained, where the indebtedness claimed by plaintiff to have been acknowledged was of a debt due to her husband.[1]

**Limitation of Actions.—Defendant's Promise, if Made to Plaintiff,** being without any consideration, is unenforceable.

**Limitation of Actions—Acknowledgment.—Where an Account,** after it is barred by limitations, is sent to the debtor, with a blank indorsement, acknowledging its correctness and a promise to pay, which he declines to sign, his silence as to its correctness cannot remove the bar of Code of Civil Procedure, section 360, providing that no acknowledgment is sufficient evidence of a new contract, unless in writing and signed by the party charged.

**Limitation of Actions—Acknowledgment.—An Estoppel in Pais** cannot be urged as against the requirements of the code that the promise must be evidenced by writing to remove the bar.

APPEAL from Superior Court, Riverside County; J. S. Noyes, Judge.

Action by Margaret Rounthwaite against Samuel Rounthwaite. From a judgment in favor of defendant and an order denying a motion for a new trial plaintiff appeals. Affirmed.

Geo. A. Skinner for appellant; Purington & Adair for respondent.

CHIPMAN, C.—Plaintiff sues on three counts to recover for money alleged to have been loaned by plaintiff to defendant: (1) For money loaned by plaintiff to defendant more than four years before the commencement of the action, to wit, $1,000, at five per cent interest, which defendant has acknowledged in writing within four years, and alleging a payment of $300 in the year 1898, leaving due $850; (2) for the same amount, and that defendant promised in writing to pay plaintiff's claim within four years last past; (3) on an account stated June 15, 1899, showing a balance due plaintiff

---

[1] Cited with approval in President etc. of California College v. Stephens, 11 Cal. App. 517, 105 Pac. 615, where it is held that, to hold the debtor, the new promise, under section 360 of the Code of Civil Procedure, must be in writing and made to the person to whom the money is due; such a promise made to a stranger will not do.

of \$871.14, and that defendant agreed to pay the same. Judgment is asked for \$939.90, and interest at seven per cent from June 15, 1899. Defendant denies the indebtedness to plaintiff; denies ever acknowledging any indebtedness to plaintiff; denies that plaintiff ever loaned defendant any sum of money; pleads sections 337, 339 of the Code of Civil Procedure in bar; and alleges that any acknowledgment in writing given or signed by him to plaintiff, in relation to said indebtedness, was without consideration and void. The original complaint was filed September 15, 1900. The cause was tried by the court without a jury, and judgment passed for defendant. The appeal is from the judgment and from the order denying motion for new trial.

The court made the following findings: (1) That plaintiff did not loan to defendant, as alleged, or at any time, the sum named, or any other sum. (2) That plaintiff received from defendant \$300 in 1898, but the same was not paid on any indebtedness owing by defendant to plaintiff, and it is not true that there was left a balance of \$850, or any other sum due plaintiff. (3 and 4) That it is not true that defendant acknowledged said or any indebtedness to plaintiff, or promised plaintiff, in writing or otherwise, to pay the same. (5) It is not true that an account was stated between plaintiff and defendant June 15, 1899, or at any time; nor that a balance was found due plaintiff from defendant at that or any time of \$817.14, or any other sum. It is true defendant has not paid said sum. (6) That plaintiff never at any time loaned defendant any money, at his request or otherwise, and, if plaintiff had loaned the sum of money claimed in the amended complaint, the cause of action is barred by section 337 of the Code of Civil Procedure. As conclusion of law, the court found that defendant is entitled to judgment for costs.

Defendant does not deny that a loan of £200 was made to him, but he claims that it was made by his brother, plaintiff's husband. Plaintiff claims that the evidence shows the loan to have been made by her, and therefore the first finding is not supported by the evidence. Upon this issue plaintiff claims that, although there may be a conflict in the evidence, yet, as most of the evidence submitted by her was in the form of depositions, this court is not bound by the usual rule; citing Wilson v. Cross, 33 Cal. 60. In the present case some

evidence of plaintiff was oral, and substantially all of defendant's was of that character: See Reay v. Butler, 95 Cal. 206, 30 Pac. 208; Priest v. Brown, 100 Cal. 626, 35 Pac. 323; Knox v. Moses, 104 Cal. 502, 38 Pac. 318. In the first of these cases it was pointed out that the reason for the rule as to conflicting evidence is not alone because the lower court has a better opportunity to observe the conduct of the witnesses, but it lies also in "the essential distinction between the trial court and appellate court under our system," and the reason "grows out of considerations of jurisdiction; that it is the province of the trial court to decide questions of fact, and of the appellate court to decide questions of law"; and it was said, "This court can rightfully set aside a finding for want of evidence only where there is no evidence to support it, or the supporting evidence is so slight as to show abuse of discretion." It appears without conflict that the amount of the loan was £200; that the loan was made in Ireland in 1876, where the parties then lived; that it was for no stated time, and was to bear five per cent interest. The point of difference is only as to who loaned the money. Plaintiff deposed: That she loaned the money, and it was her own, and not her husband's, and was no part of his estate. He died in 1883 in Manitoba. That the loan was made by her trustees, and not by her personally, and she was not present when it was made. That she knows of no memorandum in writing of the loan taken by her trustees. Defendant testified: "I never had any business dealings with plaintiff at any time. I never borrowed from her the sum of two hundred pounds or any other sum; not five cents. In 1876 I was living in Ireland. I saw plaintiff and her husband that year at my place in Ireland. . . . . They came down to my place to spend the summer. Whilst my brother was at my place I had a business transaction with him. He loaned me two hundred pounds. . . . . When the loan was made there were present just my brother and myself. The plaintiff was not present." He was asked if he ever borrowed any money from plaintiff, and replied: "None whatever; not a cent." The evidence was uncontradicted that plaintiff paid the interest on the loan to his brother until the latter's death; that he died in December, 1883, in Manitoba, where they were both then living, and his estate has never been administered, and thereafter such pay-

ments as were made were at plaintiff's request. As to payments of interest, and the payment of $300 by defendant to plaintiff after her husband's death, defendant testified, "I thought she had the best right to it, as my brother was dead"; but he testified that he never had any conversation with plaintiff in regard to the loan. It is altogether probable that if plaintiff's money had been in the hands of trustees, and if the loan was made by them, some memorandum in writing would have been given by defendant, and payments of interest would have been made to them, or to plaintiff by their direction. However, there is a conflict in the evidence, and we cannot disturb the findings as to who made the loan. No time of payment having been stipulated, the obligation became due immediately (Civ. Code, sec. 1657), and, not being evidenced in writing, was barred after two years (Code Civ. Proc., sec. 339). In an amended complaint, probably to overcome the bar of the statute, plaintiff set up a claim on a stated account, and also on an alleged promise in writing to pay.

Appellant contends that findings marked 3 and 4, and so much of finding 6 as is in favor of defendant on the statutes of limitation, are unsupported by the evidence. She claims that the first two causes of action are based on section 360 of the Code of Civil Procedure, which reads: "No acknowledgment or promise is sufficient evidence of a new or continuing contract, by which to take the case out of the operation of this title [relating to the time of commencing actions], unless the same is contained in some writing, signed by the party to be charged thereby." The difficulty we find in applying the evidence introduced to prove an acknowledgment or promise is that it all relates to an indebtedness which plaintiff assumes was originally created in her favor by defendant, whereas the court found that defendant never borrowed any money from her, and never was indebted to her, and that the indebtedness which she now claims was acknowledged, or which defendant promised he would pay to her, was a debt due to her husband. Section 360 refers to the acknowledgment or promise of the party charged by the original contract, to the person in whose favor the contract was made. It does not refer to the undertaking of one to answer the debt or default of another, and plaintiff does not claim that her action arises from such a promise. If, therefore, it be conceded that the

correspondence carried on between defendant and plaintiff and plaintiff's attorneys amounted to a promise or acknowledgment, there is no consideration to support such a promise or acknowledgment. Defendant has not denied that there is still an unpaid balance due on the loan, but he claims, and so testified, that he has never been indebted to plaintiff, and that he paid her $300 and some interest because he thought she had the best right to it. His letters show not only a willingness to pay her, but they show a promise that he will do so, but the element of consideration is wanting to make the promise enforceable.

As to the alleged account stated, it was prepared by plaintiff's attorney, and sent to defendant with a blank indorsement acknowledging its correctness and a promise to pay it. But defendant declined to sign the paper. This account was stated long after it was barred by the statute, and defendant's silence as to its correctness cannot be taken as may the silence of the debtor when served with a live stated account. An oral admission of an account stated which is barred does not remove the bar, because section 360, supra, stands in the way: Auzerais v. Naglee, 74 Cal. 60, 15 Pac. 371; Kahn v. Edwards, 75 Cal. 192, 7 Am. St. Rep. 141, 16 Pac. 779.

Appellant urges an estoppel by conduct against defendant. We fail to discover any elements of estoppel in the case; and, besides, an estoppel in pais cannot be urged as against the plain requirements of the statute that the promise must be evidenced by writing to remove the bar. Such proof thus becomes exclusive.

The judgment and order should be affirmed.

We concur: Gray, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are affirmed.