O'HANLON CO., APPELLANT, *v.* JESS ET AL., RESPONDENTS.

(No. 4,188.)

(Submitted September 22, 1920.  Decided October 27, 1920.

[193 Pac. 65.]

*Account Stated—Retention Without Objection—Effect—Statute of Limitations—Husband and Wife.*

Account Stated—Effect of Retention Without Objection.
  1.  Where parties have been engaged in a course of dealings and there is an antecedent indebtedness in favor of one as against the other, and an account or bill purporting to be a statement of the account is rendered by the creditor to the debtor who retains it for an unreasonable length of time (nearly four years in the instant case) without objection, it is evidence of his assent to its correctness and constitutes an account stated, as of the date on which it was rendered.

Same—Definition.
  2.  An account stated is an agreement, express or implied, that all the items therein contained are correct; it has the force of a contract, the consideration of which is the original account.
  [As to what constitutes an open current account within statute of limitations, see note in 1 A. L. R. 1060.]

Same—Cause of Action.
  3.  In an action on an account stated, the cause of action is the contract created as above (par. 2), and plaintiff must recover upon it and not upon the original account.

Same—Statute of Limitations.
  4.  Where, at the time an account was stated, the statute of limitations had not intervened against the items contained in the original account, the statement created a new cause of action against which the statute commenced to run only from the date of its rendition.

Same—Husband and Wife—When Wife not Liable.
  5.  In an action against husband and wife on an account stated for goods, wares and merchandise, where nothing appeared in the complaint or otherwise that the articles were of the character mentioned in section 3707, Revised Codes, for which the separate property of the wife was liable, no account was stated as to her and a judgment against her was therefore unwarranted.

*Appeal from District Court, Blaine County; W. B. Rhoades, Judge.*

ACTION by the Thos. O'Hanlon Company, Incorporated, against Henry Jess, Jr., and wife.  Judgment for defendants

On effect of retaining statement of account to render it an account stated, see notes in 29 L. R. A. (n. s.) 334, and L. R. A. 1917C, 447.

and plaintiff appeals. Reversed, with directions as to named defendant and sustained as to defendant wife.

Cause submitted on briefs of counsel.

*Mr. E. J. McCabe,* for Appellant.

Where an account is rendered by one person to another, the retention of the same by the latter beyond a reasonable time without objection is evidence of his assent to the correctness of the account and accordingly is evidence of an account stated. (1 Corpus Juris, 691.)

The statute of limitations begins to run against an account stated at the time of the rendering of the account. An account becomes an account stated when furnished to another and he retains it a long time without objection. (*Visher* v. *Wilbur,* 5 Cal. App. 562, 90 Pac. 1065, 91 Pac. 412.) What is an unreasonable length of time is dependent upon the circumstances. Periods from twenty-five days to two years held unreasonable. (1 Corpus Juris, 695.) Objection to an account rendered must be, to be effective, more than a mere mental operation; it must be communicated to the other party. (1 Corpus Juris, 695.) Objection to an account rendered must be, to be effective, more than a mere mental operation; it must be communicated to the other party. (1 Corpus Juris, 695.) Where an account is stated, the right of action thereon accrues immediately. (1 Corpus Juris, 722.)

*Mr. W. H. Kuhr,* for Respondents.

Appellant contends that there was an account stated between it and the respondents, and seeks to recover upon that theory; but its cause of action as originally sued on was based on the open account. "An account stated is defined to be an agreement between persons who have had previous transactions, fixing the amount due in respect of such transactions." (25 Cyc. 1046.) An account stated gives rise to a new cause of action, namely, on the agreement fixing the amount due.

In this case there never was such an · agreement. "An account rendered, or an account closed by cessation of dealings between the parties, * * * , is not an account stated which will set the statute in motion from its date." (25 Cyc. 1134.) There must be something besides mere silence or acquiescence on which to base an agreement of an account stated. "Mere passive silence upon and after receiving the account, or the mere absence of any evidence of objections made by him, is not sufficient." (25 Cyc. 1134.)

Section 6472 of the Revised Codes is conclusive against any recovery by plaintiff. Under this section only a · written acknowledgment or promise by the party to be charged thereby can toll the statute.

MR. JUSTICE HURLY delivered the opinion of the court.

This action originated in the justice court on February 7, 1917. Upon appeal to the district court a stipulation was entered into between the parties, which, so far as necessary to this decision, was to the effect that the plaintiff furnished to defendant Henry Jess, Jr., goods, wares and merchandise, between August 25, 1909, and May 2, 1913, and that on May 31, 1913, plaintiff rendered to defendant a statement showing balance due upon the account, to the correctness of which defendant never objected until after action brought, and contained an admission upon the part of the defendant that such balance had not been paid, although demand had been made. The answer pleaded the statute of limitations in bar of the cause of action. Judgment was rendered for defendants, and plaintiff appeals.

It is the theory of the plaintiff that the rendition to and retention by the defendants of the account rendered constituted an account stated. It is contended by the defendant: "The rule that items within the period of limitation draw after them items beyond that period is strictly confined to mutual accounts, showing, a reciprocity of dealing between the parties. * * * There must be a mutual or alternate

course of dealing, giving rise to cross-demands, upon which the parties might respectively maintain actions. It follows that where there is no such mutuality of dealing, or where the items are all on one side of the account, the statute runs against each item from its date" (25 Cyc. 1121, and note; *Millett* v. *Bradbury*, 109 Cal. 170, 41 Pac. 865); and therefore that the cause of action upon the original transaction was barred when the action was commenced. Conceding, but not deciding, that such may be the rule, no question of the statute of limitations having barred action upon the account at the time of the rendition of the account of May 31, 1913, could be well asserted. It, therefore, follows that the account stated, if it came into being at all, did so before the running of such statute as to the original account.

It is quite generally held that where parties have been [1-3] engaged in a course of dealings and there is an antecedent indebtedness in favor of one as against the other, and an account or bill purporting to be a statement of the account is rendered by the creditor to the debtor, who retains the same for an unreasonable length of time without objection, this is evidence of his assent to the correctness of the account, and, accordingly, is an account stated. (See 1 Corpus Juris, p. 691, sec. 276, p. 695, sec. 288. See, also, cases in Decennial and Century Digests, "Account Stated," sec. 6.) In our view, by virtue of the stipulation and the rule here cited, the plaintiff stated its account against the defendant Henry Jess, Jr., on May 31, 1913. "An account stated is an agreement between the parties, either express or implied, that all the items are correct. * * * The action is based upon the agreement, the consideration of which is the original account, and the agreement has the force of a contract. This contract is the cause of action, and the plaintiff must recover upon it, or fail in the action." (*Martin* v. *Heinze*, 31 Mont. 68, 77 Pac. 427. See, also, *Johnson* v. *Gallatin Valley Milling Co.*, 38 Mont. 83, 98 Pac. 883.)

The California Code of Civil Procedure, section 360, contains [4] a provision found in our section 6472: "No acknowledgment or promise is sufficient evidence of a new or continuing contract, by which to take the case out of the operation of this title, unless the same is contained in some writing, signed by the party to be charged thereby."

The supreme court of that state, upon conditions somewhat analogous to the instant case, has said: "It is further urged that the court erred in holding that the cause of action accrued at the date the account was stated between the parties (if in fact stated), and that therefore the statute did not apply to any item after January 31, 1878, two years before the alleged statement, and that the court also erred in holding that by silence or acquiescence, or concurrence by unwritten words in the correctness of the account, the defendant could become liable to pay larger interest than 7 per cent per annum.

"An open account, already barred by the statute of limitations, cannot be relieved from the bar of such statute by an oral statement of such account, for the reason that under our Code (Code Civ. Proc., sec. 360) no acknowledgment or promise is sufficient evidence of a new or continuing contract by which to take the case out of the operation of the statute, unless the same is contained in some writing, signed by the party to be charged thereby.

"Where, however, the demand is not barred at the date of the account stated, although the statement is verbal, the statute begins to run upon the new cause of action, thus brought into existence, from the date of the settlement and new promise arising thereunder; and, if verbal, an action may, under subdivision 1 of section 339 of the Code of Civil Procedure, be brought within two years after such settlement." (*Auzerais* v. *Naglee,* 74 Cal. 60, 15 Pac. 371.)

In the later case of *Kahn* v. *Edwards,* 75 Cal. 192, 7 Am. St. Rep. 141, 16 Pac. 779, the above holding was approved.

Again in *Baird* v. *Crank,* 98 Cal. 293, 33 Pac. 63, the court said: " * * * It is further strenuously urged that the

plaintiff's cause of action was barred by the statute of limitations pleaded, and that the finding of the court that it was not barred was contrary to and not justified by the evidence. This position is rested upon the theory that the statute began to run against plaintiff's claim when he completed his services on January 20, 1887, and that under section 360 of the Code of Civil Procedure its running was not sustained or affected by the oral statement of the account, and hence that, as more than two years had elapsed when the complaint was filed, the action was barred. It is admitted * * * by the learned counsel that this theory is in direct conflict with the rulings upon the same question in *Auzerais* v. *Naglee,* 74 Cal. 60, 15 Pac. 371, and *Kahn* v. *Edwards,* 75 Cal. 192, 7 Am. St. Rep. 141, 16 Pac. 779, but it is claimed that these cases were not well considered, and should be overruled. * * * In answer to the claim that these cases should be overruled, so far as they treat upon the subject in hand, it is enough to say that they are supported by many authorities elsewhere, and in our opinion should be sustained." (See, also, *Brown & Manzanares Co.* v. *Gise,* 14 N. M. 282, 91 Pac. 716; *Figge* v. *Bergenthal,* 130 Wis. 594, 110 N. W. 798.)

We, therefore, are of opinion that, there having been a settlement of accounts at a time when the bar of the statute of limitations had not intervened, and the cause of action upon the account stated not being barred at the time of the commencement of the action, the plaintiff was entitled to judgment against the defendant Henry Jess, Jr.

The itemized statement of account, made a part of the [5] stipulation, however, shows that the sales of goods upon which the account is based were made to defendant Henry Jess, Jr., only, and there is·nothing in the complaint or otherwise showing that the same were of the character mentioned in section 3707, Revised Codes, nor that the wife was chargeable therefor.

There being nothing to indicate an antecedent debt from the wife to the plaintiff, no account was stated as against her, and she was entitled to judgment.

The judgment of the district court is sustained as to the defendant, Mrs. Henry Jess, Jr., and is reversed as to the defendant Henry Jess, Jr., with directions to that court to render judgment for plaintiff against him for the amount claimed.

*Remanded, with directions.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES MATTHEWS and COOPER concur.

(Submitted September 22, 1920.   Decided October 27, 1920.)