BALDWIN, RESPONDENT, *v.* SILVER, APPELLANT.

(No. 4,214.)

(Submitted September 25, 1920. Decided November 15, 1920.)

[193 Pac. 750.]

*Attorney and Client—Fees—Evidence—Admissibility—Trial—*
*Motion to Strike Testimony—Accounts Stated—Conversion—*
*Instructions.*

Attorney and Client—Fees—Evidence—Admissibility.
  1. In an action to recover attorney's fees, admission in evidence of the *remittitur* from the supreme court in a cause in which plaintiff claimed to have rendered services after remand to the district court was proper for the purpose of showing the necessity for legal services after the case was sent back.

Trial—Evidence—Motion to Strike as not Responsive—Proper Denial.
  2. Where the major portion of the answer of a witness was responsive to a question propounded to him on cross-examination, a motion to strike out the whole answer as not responsive was properly denied, it having been incumbent upon counsel to point out the portion not deemed responsive.

Attorney and Client—Fees—Account Stated—Admissibility in Evidence.
  3. An account rendered to and received by defendant showing charges for legal services in a larger amount than that testified to by defendant as having been agreed upon by the parties, *held* admissible in rebuttal.

Account Stated—Retention Without Objection—Effect.
  4. The retention of an account stated for an unreasonable length of time by a debtor without objection is evidence of his assent to its correctness.

Trial—Offer of Proof—Proper Rejection as Repetition.
  5. Defendant's offer of proof, in surrebuttal, covering a point previously testified to by him, was properly rejected as repetition.

Same—Instructions—Reduction in Number Commendable.
  6. Where defendant, in an action on implied contracts for legal services, offered three instructions of similar import covering three causes of action in which he had interposed the defense of an express contract, the court's modification of one so as to make it apply to all three causes of action and then refusing the other two, *held* proper, reduction of the number of instructions in a simple case being commendable.

Attorney and Client—Fees—Proper Refusal of Instruction on Conversion.
  7. Refusal of an instruction offered by defendant on the subject of conversion in connection with his counterclaims in an action to recover for legal services, where conversion was not charged directly in either of them, the court, treating the counterclaims as seeking to recover for moneys had and received, having fully advised the jury as to defendant's rights in the premises, was not error.

*Appeal from District Court, Silver Bow County; J. D.*
*Dwyer, Judge.*

ACTION by James M. Baldwin against J. R. Silver. Judgment for plaintiff and defendant appeals. Affirmed.

Mr. *Francis A. Silver,* for Appellant, submitted a brief and argued the cause orally.

Self-serving declarations are not admissible in evidence. (*Curtsinger* v. *McGown* (Tex., Civ.), 149 S. W. 303; *Seevers* v. *Cleveland Coal Co.,* 158 Iowa, 574, Ann. Cas. 1915D, 188, 138 N. W. 793; *Fearing* v. *Kimball,* 4 Allen (Mass.), 125, 81 Am. Dec. 690.) The important cases in support of the doctrine under discussion are collected in a note to *State* v. *MacFarland,* Ann. Cas. 1914B, 788.

"When plaintiff in rebuttal is permitted to introduce new matter, defendant is properly permitted to introduce evidence in surrebuttal, and to decline to permit him to do so is error, especially where the evidence offered in surrebuttal is for the first time made competent by the evidence introduced by plaintiff in rebuttal." (38 Cyc., p. 1358; *City of Rock Island* v. *Starkey,* 189 Ill. 515, 59 N. E. 971; *Stewart* v. *Anderson,* 111 Iowa, 329, 82 N. W. 770; *State* v. *Buchler,* 103 Mo. 203, 15 S. W. 331; *Wade* v. *Thayer,* 40 Cal. 578; *McLeod* v. *Lee,* 17 Nev. 103, 28 Pac. 124; *Comstock* v. *Smith,* 20 Mich. 338.)

It is the duty of an attorney who has collected money for a client to turn over the money to the client within a reasonable time or upon demand. (*Ott* v. *Hood,* 152 Wis. 97, Ann. Cas. 1914C, 636, 44 L. R. A. (n. s.) 524, 139 N. W. 762; 2 R. C. L. 1022, sec. 104; 6 Corpus Juris, 693, sec. 220; Mechem on Agency, sec. 531.) The attorney, however, in turning over the money collected to his client, has the right to retain enough of the money collected to pay his own fee and disbursements. (*Conyers* v. *Gray,* 67 Ga. 329; *Union Bldg. & Sav. Assn.* v. *Soderquist,* 115 Iowa, 695, 87 N. W. 433; *In re Klein,* 101 N. Y. Supp. 663, 666; *Robinson* v. *Hawes,* 56 Mich. 135, 22 N. W. 222; Weeks on Attorneys at Law, sec. 309 *et seq.*) What sum the attorney has a right to retain as a fee depends upon whether there was a special agreement

or not. The compensation of an attorney is left to the agreement of attorney and client, either express or implied. (Sec. 7153, Rev. Codes.) If there was an express agreement, the terms of the agreement would govern as to the amount of the fee. If there was no agreement as to the fee, the reasonable value of the services would determine the amount of compensation. (2 R. C. L. 1031.) An attorney who fails, within a reasonable time or upon demand, to turn over money collected on behalf of his client, less his fee and disbursements, is liable in an action for conversion for the amount unlawfully retained. (*Ott* v. *Hood, supra;* Weeks on Attorneys, sec. 309.)

In view of the fact that the offered instruction on the subject of conversion impartially covered the issues involved in the first counterclaim and correctly stated the law governing the case, the court's refusal to give it was error.

*Mr. Lowndes Maury,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

The complaint herein sets up ten causes of action; of these nine are based on implied contracts for the reasonable value of plaintiff's services rendered as an attorney at law, the second being for the sum of $4.50 paid out as costs.

The defendant interposed a general denial to the second, ninth and tenth causes of action, and admitted the allegations of the eighth; as to the first, fourth and fifth, he admitted that the services were rendered, denied that the amount claimed was the reasonable value of such services or that they were rendered under an implied contract, and alleged affirmatively that such services were rendered under express contracts fixing the amount of the fee. As to the sixth and seventh causes of action, defendant admitted the services rendered and alleged payment. He alleged that, in the action

mentioned in the third cause of action, the services were rendered under an express contract for a contingent fee. The answer then alleges, as a counterclaim, that plaintiff collected the sum of $925.40 on a certain judgment and refused to turn over the sum of $223.25, though demand was made upon him, and that he was entitled to withhold but $50, under the express contract existing, whereby plaintiff was to attend to all cases defendant might have in the district court, at $50 for each case; and, as a second counterclaim, the answer alleges that plaintiff secured possession of certain certificates of stock of the value of $459.20, which he refused to turn over to defendant on demand.

Replying to the first counterclaim, plaintiff alleged that the reasonable value of his services was $200, and that the sum of $23.25 was expended in necessary costs and disbursements in the action, and to the second interposed a general denial. The total amount claimed by the plaintiff was $640; the amount of the counterclaim, $632.45. The case was tried to a jury and resulted in a general verdict and judgment for the plaintiff in the sum of $450. From this judgment defendant appeals.

1. The first specification of error is based on the court's [1] action in admitting in evidence the *remittitur* from the supreme court in an action wherein the plaintiff sought to recover for services rendered after the cause was sent back to the district court. While it is true that plaintiff was not seeking to recover for any services in the supreme court, the plaintiff testified, without objection, that the cause was sent back, and to the services rendered in conformity with the direction of the supreme court. The *remittitur* was, doubtless, admissible for the purpose of showing the necessity for further services rendered; but, even if immaterial, its introduction could not be, in the light of the record on the subject, prejudicial to the defendant.

2. Defendant complains of the court's refusal to strike the [2] answer of the witness Lamb to a question propounded

on cross-examination, as not responsive to the question. Considered in connection with the immediately preceding questions and answers, we are inclined to the belief that the entire answer was responsive; but, whether it was or not, as a whole, the major portion of the answer was certainly responsive to the question. The motion to strike does not point out to which portion of the answer it is directed, and the court cannot be put in error for ruling as it did on such a motion.

3. The third and fourth assignments will be considered
[3, 4] jointly. The defendant contended that the services alleged were rendered pursuant to an express agreement that plaintiff should handle all district court cases for $50 each. In his defense he testified that "He attended to all my business and I paid him at the rate of $50 in the district court and $10 in the justice court, never one cent more." And again: "Fifty dollars is all I paid him in all cases, and $10 in the justice court, never more or less." ·In rebuttal, plaintiff introduced an account rendered to and received by defendant, showing charges of more than $50 for cases in the district court. This was objected to as "a self-serving declaration." The account showed credits amounting to a payment of the charges so made, and, in this respect, contradicted the testimony of the defendant. Had there been no settlement—of which there is some question in the record—the retention of the statement for an unreasonable length of time without objection is evidence of assent to its correctness. (*O'Hanlon Co.* v. *Jess, ante,* p. 415, 193 Pac. 65.) The ruling of the court was clearly correct.

The defendant offered, in surrebuttal, to prove that, in every
[5] case tried in the district court, the plaintiff received the sum of $50, and no other sum, as a fee for his services. This offer was rejected by the court, as repetition, and defendant contends that the rejection constitutes error. In the light of the testimony of the defendant quoted above, the court was right in so ruling. (*Cannon* v. *Lewis,* 18 Mont. 402, 45 Pac. 572.)

4. The remaining assignments are directed to the giving
[6] and refusal of instructions. Defendant offered three in-

structions, similar in purport, covering the three causes of action in which the defense of an express contract was interposed. The court modified the first of these, which opened with the clause, "With reference to the first cause of action," *etc.,* by striking the word "first" and adding the letter "s" to the word "cause." Defendant insists that error was committed in giving the modified instruction and in refusing thereafter to give the later instructions on the same subject; that the instruction as modified was directed to the issue under each and all of the causes of action and manifestly did not apply to other than the four in which the question of an implied or express contract was raised. The instruction correctly advised the jury as to those causes of action to which it did properly apply, and the jury could readily understand that it was not intended to apply to other than those causes of action; the remaining questions were so simple as to need no instruction for the guidance of the jury. While the instruction may not have been technically accurate, it could not have misled the jury. The action of the court in thus reducing the number of instructions given in so simple a case is to be commended, and we find no reversible error in connection with its action on these four instructions.

5. Error is predicated on the court's refusal to give a **[7]** number of instructions on the subject of conversion in connection with defendant's counterclaims. It will be noted that conversion is not charged directly in either of the counterclaims. The court evidently disregarded the question of conversion and treated the counterclaims as seeking to recover for moneys had and received, and fully advised the jury as to defendant's right to recover under his counterclaims, in the event it accepted the defendant's version of the transactions.

We find no reversible error in the record, and the judgment of the district court of Silver Bow county is therefore affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES HOLLOWAY, HURLY and COOPER concur.