FULTON ET AL., RESPONDENTS, v. HUGGANS, APPELLANT.

(No. 8,199.)

(Submitted June 11, 1941. Decided September 29, 1941.)

[117 Pac. (2d) 273.]

*Mr. Thomas C. Packer,* for Appellant, submitted a brief and argued the cause orally.

*Messrs. Koch & Brownlee,* for Respondents, submitted a brief; *Mr. Thomas P. Koch* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

Plaintiffs recovered a judgment in the sum of $260 in an action on an account stated and defendant appealed. The case by agreement was tried to the court without a jury. The alleged indebtedness arose by virtue of purchases made by the defendant at the plaintiffs' hardware store. The plaintiffs' accounts had been destroyed by fire in December, 1936, before the action was instituted. Plaintiffs alleged an account stated and sought to prove the indebtedness by showing that an account was rendered to the defendant and that defendant did not object to the account as stated.

The point briefed and argued by counsel is whether the evidence was sufficient to show that plaintiffs presented a statement of the account to defendant as alleged. If an account was rendered at or about the time alleged, there is sufficient evidence to warrant a finding that defendant did not object thereto within a reasonable time thereafter and his assent thereto would be implied within the rule stated in *O'Hanlon Co.* v. *Jess,* 58 Mont. 415, 193 Pac. 65, 14 A. L. R. 237; *Baldwin* v. *Silver,* 58 Mont. 495, 193 Pac. 750; *Mutch & Young* v. *Powers,* 63 Mont. 437, 207 Pac. 621; and *Norum* v. *Ohio Oil Co.,* 83 Mont. 353, 272 Pac. 534.

In the view that we take of the case it is not necessary to determine whether the evidence was sufficient to show that plaintiffs presented to defendant a statement of the account as alleged. There was substantial evidence, admitted without objection, from which the court was warranted in finding that defendant was indebted to plaintiff in the amount of $260 as the balance due on the account.

Defendant admitted that he purchased machinery from plain- tiffs, but testified that he did not imagine or think that he owed the amount claimed by plaintiffs to be due. Plaintiffs testified without objection that they talked over the accounts after the fire and the balance due on the account of defendant was impressed upon their minds because it was one of the larger accounts. Plaintiff Fulton gave the following testimony without objection:

"Q. And when you sold out (which he said he did in September, 1936) the amount still due and owing by Mr. Huggans was approximately how much? A. $260.00.

"Q. That's exactly? A. Yes."

He testified that defendant made no payments on the account since he sold out. This evidence was sufficient to warrant the judgment for plaintiffs.

The rule is fundamental that if evidence is introduced with- out objection which is not admissible under the pleadings as drawn, they will be deemed amended to conform to the proof. Citation of authorities on this elementary and firmly established principle is unnecessary.

The court was warranted in finding for plaintiffs. The judgment is accordingly affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ERICKSON, ANDERSON and MORRIS concur.