CLYDE L. HURSH, Plaintiff and Respondent, v. MON-O-CO. OIL CORPORATION, a Montana Corporation, Defendant and Appellant.

No. 10091

Decided July 11, 1961.
363 P.2d 485.

Joseph P. Hennessey, Billings, for appellant.

Clifford E. Schleusner, Billings, for respondent.

MR. JUSTICE DOYLE delivered the Opinion of the Court.

This is an appeal from the district court of the thirteenth judicial district of the State of Montana, in and for the County of Yellowstone.

The facts briefly stated are that the appellant corporation employed the respondent by virtue of an oral agreement of employment prior to January 1, 1955, to perform work, labor and services as a geologist and agreed to compensate the respondent as salary in the sum of $700 per month during the period of the employment and further to pay all out-of-pocket expenses incurred by the respondent in the performance of his duties.

The respondent was paid a part of his salary for the years 1956, 1957, and until September 11, 1958, at which time respondent's services were terminated.

The cause was tried to a jury, which trial commenced on April 14, 1959. At the conclusion of both the appellant and respondent's testimony, each moved for a directed verdict. The rule is well-settled that where both sides move for a directed verdict, each party thereby waives a trial by jury and submits to the trial judge the question whether, as a matter of law, a verdict should be directed for the plaintiff or the defendant. On April 20, 1959, the trial judge, the Honorable Guy C. Derry, made and entered the following judgment:

"1. That the plaintiff had established by a preponderance of the evidence that the defendant was indebted to the plaintiff in the sum of $7,128.16, subject to the right to a credit thereon in the sum of $4,435 if the defendant delivered to the clerk of said court before May 1, 1959, a valid certificate of stock in the defendant corporation for 1,478 shares of Class 'B' stock, said stock to be in the name of plaintiff; that if said stock be so delivered, said judgment should be in the amount of $2,693.16.

"2. That the plaintiff have and recover from the defendant a judgment in the amount of $7,128.16;

"3. That the defendant be granted a credit in the amount of $4,435, toward the payment of such judgment, by depositing with the clerk of the court before May 1, 1959, a valid stock certificate issued to the plaintiff in the

amount of 1,478 shares of Class 'B' capital stock in the defendant corporation;

"4. That the defendant recover nothing from the plaintiff on defendant's cross complaint;

"5. That the plaintiff have and recover his costs incurred in said action from the defendant.

"Done and dated in open court this 20th day of April 1959."

Under such circumstances the findings and judgment of the trial court is conclusive on appeal if there is substantial evidence to support the same. This rule is found in Granier v. Chagnon, 122 Mont. 327, 335, 203 P.2d 982.

Appellant recites several specifications of error but only two possess merit. Appellant objects to the court permitting the complaint to be amended to conform to the proof.

Appellant interposed no objection as to the sufficiency of the complaint or to any evidence offered, upon the ground that it was without foundation in the allegations of the complaint. Accordingly the pleading will be deemed amended to conform to the proof. Green v. City of Roundup, 117 Mont. 249, 157 P.2d 1010; Fulton v. Huggans, 112 Mont. 442, 117 P.2d 273; Ellinghouse v. Ajax Livestock Co., 51 Mont. 275, 152 P. 481, L.R.A.1916D, 836.

This disposes of the second specification of error cited by the appellant.

The sixth specification of error urged by appellant relates to the entry of judgment, appellant contending that the judgment was made final on August 14, 1959.

The record in this cause shows that a judgment was made by the Honorable Guy C. Derry, presiding judge.

Thereafter appropriate notice of entry of judgment was served upon appellant's counsel by respondent on April 20, 1959, and service was acknowledged. The record further discloses that on April 20, 1959, the clerk of the district court of Yellowstone County, entered the judgment in book 47 at

page 489. The record further shows that on May 21, 1959, appellant's counsel made a motion to modify the judgment of April 20, 1959, and on August 14, 1959, the trial court overruled the motion of the defendant to modify the judgment. The controlling law or statute is section 93-5701, R.C.M.1947, which states:

"When trial by jury has been had, judgment must be entered by the clerk, in conformity to the verdict, within twenty-four hours after the rendition of the verdict, unless the court order the case to be reserved for argument or further consideration, or grant a stay of proceedings."

In McIntyre v. Northern Pac. Ry., 58 Mont. 256, 191 P. 1065, this court held that the ministerial act of the clerk in recording a general verdict constitutes the rendition of judgment, to the entry of which the signature of the judge is not essential, but when the court directs the jury to return special findings, the announcement of his decision in open court, and the entry of it in the minutes, constitutes the rendition of judgment. To the same effect is the case of Hynes v. Barnes, 30 Mont. 25, 75 P. 523, wherein the court said "The entry of the judgment is the act of the clerk, but, when entered, becomes the judgment of the court."

In Fauver v. Wilkoske, 123 Mont. 228, 237, 211 P.2d 420, 425, 17 A.L.R.2d 518, this court observed that

"At no time before the discharge of the jury from this case was the sufficiency of the verdict herein questioned by any one. Apparently the jury, the trial judge and the parties then viewed the verdict as a declaration that the plaintiff Fauver had won his law suit; that he had proved his case to the satisfaction of the jury and that he was entitled to recover $2,500 damages from the defendant Wilkoske.

"The acceptance of the verdict by the trial court and subsequent recording thereof under the direction of the trial court, without objection, reservation or stay was the

rendition of judgment. Thereafter it was wholly unnecessary to have any other or formal judgment entered and the absence of the signature of the trial judge on the judgment so rendered in nowise affected its validity."

In this action the award is fixed as of the date of the verdict; there is not, nor could there be any method providing for the allowance in that action of further damages accruing after judgment and ending in unmeritorious appeal. Yet in every case there must be, and in the instant case there was a very substantial detriment caused by the acts of appellant.

It is not the theory of our code that a substantial damage suffered by one through the fault of another should be unredressed, but that in all such cases the damaged party shall have full compensation. R.C.M.1947, §§ 17-201 and 17-202. Nor is it the intention of the law that a judgment will follow so far behind the verdict as to be the cause of substantial damage. It is readily apparent that section 93-5701, supra, requires the entry of judgment within twenty-four hours after verdict. The instances in which this is not done may be well-ascribed either to the consent of the prevailing party or the order of the court in the furtherance of justice.

Here the court awarded the respondent $7,128.16. Appellant was to be granted a credit in the amount of $4,435 toward the payment of the judgment if he deposited with the clerk of the court before May 1, 1959, a valid stock certificate. This the appellant refused to do until May 21, 1959, at which time the respondent refused to accept delivery to him of the Class "B" capital stock of the corporation in the amount of 1,478 shares, as was his right under the terms of the judgment.

This case is the ultimate of a promoter's dream. Respondent here was to receive $700 a month, but after federal withholding tax in the sum of $94.80 was deducted, social security in the amount of $7.90, together with a $100 deduction for the capital stock of the corporation which he never received, it

gave the respondent a take-home pay of $497.30. Thus the respondent paid federal withholding tax on a large sum of money he never received either in money or in capital stock.

The judgment of the district court is affirmed.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICES ADAIR, CASTLES and JOHN C. HARRISON concur.